PEOPLE v PUBRAT

Docket No. 162555. Submitted July 8, 1994, at Detroit. Decided August 1, 1994, at 9:05 A.M. Leave to appeal sought.

Walter Pubrat pleaded nolo contendere in the Detroit Recorder's Court, John Patrick O'Brien, J., to charges of attempted larceny in a building and carrying a concealed weapon. He appealed, claiming that he should be permitted to withdraw his plea because, at the plea hearing and sentencing, he was represented by a person whose license to practice law had been suspended for disciplinary reasons.

The Court of Appeals *held:*

The defendant was denied his right to counsel under the circumstances of this case. Denial of the right to counsel is never harmless error.

Reversed and remanded.

CONSTITUTIONAL LAW — RIGHT TO COUNSEL — SUSPENDED ATTORNEYS.

A defendant who, upon a plea of nolo contendere, is convicted and sentenced while represented by a person whose license to practice law has been suspended for disciplinary reasons is denied the right to counsel; because denial of the right to counsel can never be considered harmless, the conviction of such a defendant must be reversed on appeal.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Robert A. Radnick,* Assistant Prosecuting Attorney, for the people.

*Peggy K. Madden,* for the defendant on appeal.

REFERENCES

Am Jur 2d, Criminal Law § 732.

Criminal defendant's representation by person not licensed to practice law as violation of right to counsel. 19 ALR5th 351.

Accused's right to counsel under the Federal Constitution—Supreme Court cases. 18 L Ed 2d 1420.

Before: SAWYER, P.J., and WEAVER and S. A.
TURNER,* JJ.

SAWYER, P.J. Defendant pleaded nolo contendere
to attempted larceny in a building, MCL 750.92;
MSA 28.287 and MCL 750.360; MSA 28.592, and
carrying a concealed weapon, MCL 750.227; MSA
28.424. Defendant was placed on five years' proba-
tion. He now appeals and we reverse.

Defendant's only argument on appeal is that he
should be permitted to withdraw his plea because
he was not represented by an attorney licensed to
practice law in the State of Michigan. We agree.

Defendant was represented in the trial court by
James Cohen. Cohen was apparently licensed to
practice law at the time he entered his initial
appearance in this matter, but by the time of the
taking of the plea and sentencing, Cohen had been
suspended from the practice of law.[1] The question
then is whether the validity of defendant's plea is
vitiated by the fact that the individual serving as
his attorney at those proceedings was not licensed
to practice law. For the reasons to be discussed
below, we believe that it does render the plea
invalid.

The only other Michigan case of which we are
aware that addressed a similar issue is *People v
Brewer,* 88 Mich App 756; 279 NW2d 307 (1979).
In *Brewer,* this Court addressed a case in which
the defendant was represented by an attorney who

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Mr. Cohen's license to practice law was initially suspended be-
cause of a conviction of a high court misdemeanor. 69 Mich B J 432
(1990). Thereafter, his petition for reinstatement was granted. 71
Mich B J 210 (1992). However, the grievance administrator appealed
that reinstatement to the Attorney Discipline Board, which reversed
the hearing panel's order granting reinstatement. Accordingly, Co-
hen's license to practice law was suspended effective October 6, 1992,
and has apparently remained suspended ever since. 72 Mich B J 90
(1993).

had been suspended from the practice of law because of a failure to pay bar dues. The Court declined to adopt a rule requiring reversal, but did remand the matter to the trial court to determine whether, in light of the suspension, the defendant had been deprived of the effective assistance of counsel. *Id.* at 762.

We need not determine whether *Brewer* was correctly decided because, in our view, there exists an important distinction between suspension for failure to pay dues and suspension for disciplinary reasons. In the situation where an attorney is suspended for the failure to pay dues, that failure does not necessarily reflect upon his ability. That is, as the *Brewer* Court noted, *id.* at 762, it could, but does not necessarily, reflect a lack of interest by the attorney in continuing to practice law. On the other hand, it could also reflect financial difficulties by the attorney or simple neglect in the failure to pay the bar dues. Indeed, the suspension from practice for the failure to pay dues reflects as much an enforcement mechanism for the collection of mandatory dues as it is a method of ensuring competent and ethical representation. On the other hand, suspension for disciplinary reasons reflects a lack of either competency or ethics by the attorney being disciplined.

Other states that have considered the question of the effect of representation by an individual not licensed to practice law have reached varying results. For example, in *People v Felder,* 61 AD2d 309; 402 NYS2d 411 (1978), a divided New York court affirmed the conviction of three defendants who had been represented by an individual who had not, and apparently had never, been licensed to practice law. On the other hand, in *People v Perez,* 147 Cal Rptr 34 (1978), the California Court of Appeals reversed the conviction of a defendant

who was represented at trial by a law student participating in a program that allowed law students to appear in court under the supervision of a licensed attorney. The court even went so far as to say that the evidence of the defendant's guilt was overwhelming and that, if they were free to do so, they would hold that the error was harmless beyond a reasonable doubt, but that they could not so hold because "the denial of the right to counsel at any critical stage is reversible per se." *Id.* at 43, citing *Gideon v Wainwright,* 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963).

The question, then, is whether such an error may be deemed harmless. In this respect, the majority and dissenting opinions in *Felder, supra,* set forth the opposing views. The majority in *Felder, supra* at 311-312, opined as follows:

> Concededly, the fact that each of the defendants was represented in the County Court by a layman masquerading as a lawyer raises an issue of constitutional dimension. However, not all errors which violate the Constitution of the United States call for reversal (cf. *Harrington v California,* 395 US 250, 253-254 [89 S Ct 1726; 23 L Ed 2d 284 (1969)]). Constitutional errors insignificant in the setting of a particular case may, consistent with the Federal Constitution, be deemed harmless, not requiring an automatic reversal of the conviction (cf. *Chapman v California,* 386 US 18, 22 [87 S Ct 824; 17 L Ed 2d 705 (1967)]). Even constitutional error may be harmless where it is clear, beyond a reasonable doubt, that the error did not contribute to defendant's conviction (*People v Almestica,* 42 NY2d 222, 224 [397 NYS2d 709; 366 NE2d 799 (1977)]).
>
> . . . The test of due process in such an instance is not whether the defendant had an attorney, licensed or unlicensed, but whether under all of the circumstances his conviction was obtained in such a manner as to be offensive to the common and fundamental idea of what is fair and right (see

*People v Cornwall,* 3 Ill App 3d 943 [277 NE2d 766 (1971)]).

The dissent in *Felder, supra* at 318, replied as follows:

> I do not believe it is at all germane that this layman may have acted more or less capably than the most skilled lawyer. Surely, one need not expound upon the State's concern in licensing the profession of law. Whether he did so expertly or inexpertly is totally irrelevant. In licensing, the admitting court of State assures and certifies that the licensee has met minimal standards of education and character promulgated and adhered to by his peers over the centuries. I suggest that if we condone what here occurred, we are rendering a grievous disservice to the public and, also, denigrating our honorable and learned pursuit.

We believe that the dissent in *Felder* has the better view of the matter. The conclusion that denial of the right to counsel can be deemed harmless under the circumstances of a particular case overlooks the fact that denial of the right to counsel can never be deemed harmless. *Perez, supra* at 43; see also *Strickland v Washington,* 466 US 668, 692; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Furthermore, the fact that defendant was denied his right to counsel is established by virtue of the fact that the person standing next to him at the time of the plea and sentencing, although having previously been an attorney in this state, was not at the relevant times an attorney.

The state has undertaken elaborate means to determine who can be an attorney. The Supreme Court has developed extensive procedures by which individuals who wish to become attorneys must meet certain stringent educational requirements, must undergo a background check to deter-

mine their character and fitness to be an attorney, and must submit to a bar examination to determine their competence to be an attorney. Furthermore, the Supreme Court has in place an elaborate mechanism to ensure that attorneys, once licensed, remain fit to practice law, suspending or revoking the licenses of those attorneys who prove themselves unfit.

In our view, the state cannot now disavow those procedures and restrictions on the practice of law merely because it is convenient to do so in order to avoid the repercussions of having allowed an unlicensed individual to play the role of an attorney in a criminal prosecution. The state has defined what an attorney is and, when defendant entered his plea and was sentenced, Mr. Cohen did not meet the definition of an attorney. Moreover, this does not involve a situation such as in *Brewer, supra,* where the state is using its licensing power to extract a few pieces of silver for the benefit of the bar association, but a situation where the disciplinary authorities have positively determined that an individual was not fit to continue the practice of law and, indeed, thereafter made a second determination that the individual was not fit to return to the practice of law upon his petition for reinstatement.

In short, the trial court should never have allowed Mr. Cohen to practice as an attorney in its courtroom after Mr. Cohen's suspension from the practice of law on October 6, 1992. The trial court's having dispensed with its obligation to ensure that only licensed attorneys practice law in front of it, we cannot now absolve the denial of defendant's right to counsel. The formulation is simple. Defendant had the right to be represented by counsel. *Gideon, supra.* The person who represented defendant was not, either at the time of the

plea or the sentencing, an attorney. Therefore, defendant was denied his right to counsel. Because the denial of the right to counsel can never be considered harmless, defendant's conviction must be set aside.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

S. A. TURNER, J., concurred.

WEAVER, J. (concurring). I concur in the result only.