PEOPLE v HEIM

Docket No. 149093. Submitted. April 19, 1994, at Lansing. Decided
     August 15, 1994, at 9:00 A.M. Leave to appeal sought.

John W. Heim was convicted by a jury in the Jackson Circuit
     Court, Chad C. Schmucker, J., of two counts of child sexually
     abusive activity and pleaded guilty of being an habitual of-
     fender, second conviction. The defendant was sentenced to two
     concurrent sentences of 24 to 360 months' imprisonment with
     credit for 195 days for time spent in jail before sentencing. The
     defendant appealed, and the prosecution cross appealed.

     The Court of Appeals *held:*

     1. The defendant's claim that the statute making child sexu-
     ally abusive activities criminal, MCL 750.145c(2); MSA
     28.342a(2), is vague in the constitutional sense because a person
     of ordinary intelligence could not know what activity is crimi-
     nal under the statute is without merit. The statute expressly
     prohibits persuading a child to engage in erotic nudity, includ-
     ing the display of the female breast, for the purpose of making
     photographs that appeal to prurient interests. No person of
     common intelligence could not recognize that the taking of
     photographs of a sixteen-year-old girl's exposed breasts for the
     purpose of making pornographic materials is a prohibited act
     under the statute.

     2. The trial court erred in granting credit as time served
     toward the sentences in this case the time served by the
     defendant for an unrelated offense.

     Conviction affirmed. Case remanded for recomputation of the
     sentence credit.

CRIMINAL LAW — CHILD SEXUALLY ABUSIVE ACTIVITY — CONSTITU-
     TIONAL LAW — VAGUENESS — NOTICE OF PROHIBITED CONDUCT.

     The statute prohibiting child sexually abusive activity provides
     adequate notice of the acts prohibited so as to avoid being

REFERENCES

Am Jur 2d, Criminal Law §§ 15-17; Statutes § 346.
Indefiniteness of language as affecting validity of criminal legisla-
     tion or judicial definition of common-law crime—Supreme Court
     cases. 16 L Ed 2d 1231.

vague in the constitutional sense; the statute clearly provides fair notice that the taking of photographs of a sixteen-year-old girl's exposed breasts for the purpose of making pornographic materials is a prohibited act (MCL 750.145c[2]; MSA 28.342a[2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

*Richard D. Hitt,* and John W. Heim, in propria persona.

Before: McDONALD, P.J., and MURPHY and G. A. DRAIN,* JJ.

MURPHY, J. A jury convicted defendant of two counts of child sexually abusive activity, MCL 750.145c(2); MSA 28.342a(2). Defendant pleaded guilty of being an habitual offender, second conviction, under MCL 769.10; MSA 28.1082. The trial court imposed two concurrent sentences of 24 to 360 months' imprisonment with credit for 195 days. Defendant appeals as of right from his conviction and sentence. The prosecutor cross appeals from the trial court's granting 195 days of credit for time served in jail before sentencing.

This case arose from the allegations of defendant's sixteen-year-old niece that on two occasions defendant had taken photographs of her with her exposed breasts for the purpose of making pornographic material. Defendant testified at trial and denied the accusations, specifically denying taking photographs of his niece. The jury apparently found the niece's testimony more credible.

Defendant argues on appeal that the child sexually abusive activity statute, MCL 750.145c(2);

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

MSA 28.342a(2), is unconstitutionally vague because a person of common intelligence could not possibly know what activity is criminal under the statute. Appellate review of this issue normally would be precluded because defendant failed to challenge the constitutionality of this statute before the trial court. *People v Gezelman (On Rehearing)*, 202 Mich App 172, 174; 507 NW2d 744 (1993). However, we will review this issue because it involves an important constitutional question. *Id.*

A statute may be challenged for vagueness on three grounds: (1) it is overbroad and impinges on First Amendment freedoms; (2) it does not provide fair notice of the conduct proscribed; or (3) it is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether an offense has been committed. E.g., *People v Hayes,* 421 Mich 271, 283; 364 NW2d 635 (1984). In this case, defendant challenges MCL 750.145c(2); MSA 28.342a(2) on the ground that it does not provide fair notice of the conduct proscribed.

At one point in his brief, defendant characterizes the statute as being "overbroad" as well as being vague. The reference to the statute being overbroad is inappropriate in this case because defendant does not argue that the statute impinges on his First Amendment freedoms. See *Hayes, supra.* Moreover, this Court has rejected the argument that MCL 750.145c(2); MSA 28.342a(2) is unconstitutional because it is overbroad. *Gezelman, supra.*

We disagree with defendant's argument that MCL 750.145c(2); MSA 28.342a(2) is unconstitutionally vague. MCL 750.145c(2); MSA 28.342a(2) provides in relevant part:

> A person who persuades, induces, entices, coerces, causes, or knowingly allows a child to engage in a child sexually abusive activity for the purpose of producing any child sexually abusive material, or a person who arranges for, produces, makes, or finances, or a person who attempts or prepares or conspires to arrange for, produce, make, or finance any child sexually abusive activity or child sexually abusive material is guilty of a felony . . . .

Subsection one of this statute, MCL 750.145c(1); MSA 28.342a(1), defines "child sexually abusive activity" and "child sexually abusive material," as well as the relevant terms that are a part of these two definitions. In light of these definitions, the statute expressly prohibits persuading a child to engage in erotic nudity, which may mean the display of a female breast, in order to make a developed or undeveloped photograph that appeals to prurient interests. The language used to prohibit the act is not so vague that a person of common intelligence must necessarily guess at its meaning. See *People v Munn*, 198 Mich App 726, 727; 499 NW2d 459 (1993). Certainly, the language provides fair notice that taking photographs of a sixteen-year-old girl's exposed breasts for the purpose of making pornographic materials is a prohibited act.

Defendant raises several other issues in his brief and supplemental brief that challenge the validity of his conviction and sentence. After reviewing the record, we conclude that these claimed errors do not warrant a new trial or resentencing.

The prosecutor argues on cross appeal that the 195 days of credit defendant received against his current sentences erroneously included twenty-six days that he had served for an unrelated offense. We agree. See MCL 769.11b; MSA 28.1083(2); *Peo-*

*ple v Prieskorn,* 424 Mich 327, 341; 381 NW2d 646
(1985). Accordingly, we remand this case to the
trial court for a recomputation of sentence credit.

Affirmed in part and remanded for a recomputa-
tion of sentence credit. We do not retain jurisdic-
tion.