## PEOPLE v MOLDENHAUER

Docket No. 134439. Submitted September 14, 1994, at Detroit. Decided April 21, 1995, at 10:45 A.M.

Laurence G. Moldenhauer was convicted by a jury in the Bay Circuit Court, Eugene C. Penzien, J., of voluntary manslaughter. He appealed, claiming in part that the trial court committed error requiring reversal when it denied his request for a jury instruction regarding mere presence at the scene of the crime.

The Court of Appeals *held:*

Mere presence implies not only an absence of criminal intent but also passivity and nonparticipation in the actual commission of the crime. A jury instruction regarding mere presence would not have been correct in this case because mere presence was not offered as a defense theory.

Affirmed.

CRIMINAL LAW — DENIAL OF REQUESTED JURY INSTRUCTIONS — ERROR REQUIRING REVERSAL.

A trial court's failure to give a requested jury instruction constitutes error requiring reversal only if the requested instruction is substantially correct, was not substantially covered in the charge given to the jury, and concerns an important point in the trial so that the failure to give it seriously impaired the defendant's ability to effectively present a given defense.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ronald E. Steinberg*), for the defendant on appeal.

REFERENCES

Am Jur 2d, Trial § 1093.
See ALR Index under Instructions to Jury.

Before: MICHAEL J. KELLY, P.J., and BRENNAN and J. A. FULLERTON,* JJ.

PER CURIAM. Defendant was convicted by a jury of voluntary manslaughter, MCL 750.321; MSA 28.553, and sentenced to a term of ten to fifteen years in prison.

Defendant claims numerous errors, only one of which is worthy of discussion.

Defendant contends that the trial court committed error requiring reversal in denying an instruction regarding "mere presence." The trial court is required to charge the jury concerning the law applicable to the case. *People v Hearn,* 100 Mich App 749, 753; 300 NW2d 396 (1980). In *People v Reed,* 393 Mich 342, 349-350; 224 NW2d 867 (1975), the Supreme Court stated:

> The instruction to the jury must include all elements of the crime charged . . . and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them.

See also *People v Daniel,* 207 Mich App 47; 523 NW2d 830 (1994).

Instructions are reviewed in their entirety to determine if reversal is required. *People v Caulley,* 197 Mich App 177, 184; 494 NW2d 853 (1992). Reversal is not required where the jury instructions, taken as a whole, sufficiently protect the defendant's rights. *People v Gaydosh,* 203 Mich App 235, 237; 512 NW2d 65 (1982). Further, it has been held that the failure to give a requested instruction is error requiring reversal only if the requested instruction (1) is substantially correct, (2) was not substantially covered in the charge

---

* Circuit judge, sitting on the Court of Appeals by assignment.

given to the jury, and (3) concerns an important point in the trial so that the failure to give it seriously impaired the defendant's ability to effectively present a given defense. See, e.g., *United States v Newton,* 891 F2d 944, 949 (CA 1, 1989).

We are of the opinion that a "mere presence" instruction would not have been "substantially correct" under the circumstances of this case inasmuch as this was not a defense theory. Our appraisal of the record and defense counsel's argument show that defendant did not claim "mere presence." In *United States v Perkins,* 926 F2d 1271 (CA 1, 1991), the court said that "mere presence" implies not only an absence of criminal intent but also passivity and nonparticipation in the actual commission of crime. Here, defendant variously argued that (1) there was no evidence that he actually committed the killing of Cindy Miller other than his statement that he was in the apartment where the killing took place, (2) there was no matching of physical evidence (hair or fingerprints), (3) he was intoxicated, (4) he did not really believe the actual perpetrator was going to kill even though the perpetrator so stated, and (5) he intended to prevent the killing if the situation ever got that far. Moreover, defendant's statement to the police was evidence of activity beyond the concept of "mere presence." Defendant admittedly drove the perpetrator to the victim's apartment, was in the apartment during the killing, which he observed from close range, and said that he thereafter drove the perpetrator back to a bar, before driving himself home.

Thus, defendant's actual defenses were intoxication, unwitting accompaniment of the perpetrator to the victim's apartment, his purported lack of knowledge until too late, that contrary to his evaluation of the situation the would-be perpetra-

tor actually intended to kill Cindy Miller, and his own lack of criminal intent.

A fair reading of the trial court's instructions concerning the elements of the charge, the lesser offenses, and proscribed coalitions leads this Court to conclude that the instructions were adequate. Had the jury accepted defendant's version of his participation, or lack thereof, as urged by defense counsel, it would not have convicted defendant under the instructions given. Defense counsel gave an unbridled argument to the jury embracing his defensive posture and was not in any way mistaken in his presentation or misled by the denial of the instruction.

Affirmed.