## PEOPLE v JOHNSON

Docket No. 163267. Submitted May 3, 1995, at Lansing. Decided March 5, 1996, at 9:10 A.M. Leave to appeal sought.

James A. Johnson, Jr., was convicted by a jury in the Bay Circuit Court, Eugene C. Penzien, J., of armed robbery, assault with intent to murder, and two counts of possession of a firearm during the commission of a felony. Robert K. Hess had been appointed to represent the defendant. After the defendant had been bound over for trial, the court entered an order that directed Hess to discover if the defendant had prior convictions and the details regarding the validity of any such convictions. Following the filing in the circuit court of a motion to set aside the investigation order and the filing in the Court of Appeals of an application for leave to appeal, the court, without the defendant's request or consent, removed Hess as appointed counsel and appointed other counsel, who represented the defendant during the remainder of the trial court proceedings. The defendant appealed.

The Court of Appeals *held:*

1. Although a trial court has the authority to remove appointed defense counsel because of gross incompetence, physical incapacity, or contumacious conduct, it is clear that Hess was not removed for any of these reasons, but, rather, because he had chosen to challenge the court's investigation order. Accordingly, the court was without authority to remove Hess as appointed counsel.

2. Because the trial court removed Hess after adversary judicial proceedings had been initiated, the right to counsel under US Const, Am VI was implicated. The court's arbitrary and unjustified removal of Hess during a critical stage of the proceedings violated the defendant's Sixth Amendment right to counsel.

3. A harmless-error analysis does not apply where a trial court violates a defendant's Sixth Amendment right to counsel by the improper removal of an appointed trial counsel during a

REFERENCES

Am Jur 2d, Criminal Law §§ 976, 982.
See ALR Index under Attorney or Assistance of Attorney.

critical stage of criminal proceedings. Accordingly, the defendant need not establish that he was prejudiced by the removal of Hess as his counsel. Further, the failure to object specifically in the trial court to the removal of Hess as his counsel and to the substitution of new appointed counsel, particularly in light of the fact that the trial court had made remarks that suggested that the defendant had no option other than to accept the substitution, did not preclude the raising of the question of the removal on appeal. Under the circumstances, the convictions must be reversed and the matter must be remanded for a new trial before a different judge, at which the defendant may request representation by Hess.

4. There was sufficient evidence to establish that the defendant actively had participated in the armed robbery. Accordingly, there was sufficient evidence for the jury to find that the elements of armed robbery had been proved beyond a reasonable doubt.

5. The evidence that the defendant had fired three shots into the victim's back and legs after the victim had already been shot by the codefendant provided a sufficient basis from which the jury reasonably could conclude that the defendant intended to kill the victim. Accordingly, there was sufficient evidence to sustain the conviction of assault with intent to murder.

6. Because there was no testimony that the defendant was intoxicated at the time of the crimes and the defendant's defense was not one of intoxication but rather that he lacked knowledge of the codefendant's intent to commit the robbery, the failure of the trial court to instruct sua sponte the jury concerning the defense of intoxication did not result in manifest injustice.

Reversed and remanded.

R. L. KACZMAREK, J., concurring in part and dissenting in part, stated that although the trial court improperly removed the defendant's original appointed counsel, that removal did not amount to such a grave imposition on the defendant's constitutional right to counsel that automatic reversal is required. Because the record did not support the defendant's claim that he was denied effective assistance of counsel during the trial and the defendant made no other claim that he suffered prejudice as a result of the removal of his original counsel, the error of the trial court was harmless, and the convictions and sentences should be affirmed.

1. CONSTITUTIONAL LAW — RIGHT TO COUNSEL — APPOINTED COUNSEL — SUBSTITUTION.

The removal by a trial court of a criminal defendant's appointed

counsel for any reason other than gross incompetence, physical-incapacity, or contumacious conduct after adversary judicial proceedings have been initiated violates the defendant's constitutional right to counsel (US Const, Am VI).

2. Constitutional Law — Right to Counsel — Appointed Counsel — Substitution of Counsel — Harmless Error.

A trial court's improper removal of appointed counsel in violation of a defendant's constitutional right to counsel is not subject to a harmless-error analysis and constitutes grounds for automatic reversal; a defendant need not establish prejudice resulting from the improper removal (US Const, Am VI).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Joseph K. Sheeran,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Debra Gutierrez-McGuire*), for the defendant on appeal.

Before: Murphy, P.J., and Jansen and R. L. Kaczmarek,* JJ.

Jansen, J. Following a jury trial, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, assault with intent to commit murder, MCL 750.83; MSA 28.278, and two counts of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was subsequently sentenced to the mandatory two years' imprisonment for the convictions of felony-firearm to be served consecutively to two eight- to thirty-year terms for the convictions of armed robbery and assault with intent to commit murder. Defendant appeals as of right. We reverse and remand for a new trial.

I

The incident in question occurred on October 27,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

1992, in Bay City. Defendant and his codefendant, Sherman McGee, entered a store at approximately 10:00 P.M. Defendant asked David Altergott, the store clerk, whether he could purchase beer on credit. When Altergott responded negatively, McGee produced a gun and demanded that Altergott open the cash register. Altergott did so and handed the money to McGee. At McGee's request, defendant then took Altergott to the cooler. McGee went to the cooler and shot Altergott in the head and in the arm. A struggle ensued between McGee and Altergott, at which time defendant shot Altergott in the legs and in the back.

Defendant admitted his involvement in the incident. He admitted having a gun that night because he and McGee planned to go to Saginaw to make a drug deal. Defendant and McGee stopped by the store to get beer. Defendant testified that he had no knowledge that McGee was going to rob the store or shoot the clerk. Defendant also admitted shooting the clerk, but claimed he did so in order to leave the store more quickly and that he panicked. Defendant testified that he was not trying to kill Altergott.

Defendant raises several issues on appeal. We find the first issue to be dispositive because the trial court improperly removed defendant's original court-appointed counsel from the case without defendant's request or consent, thus violating defendant's Sixth Amendment right to counsel. Defendant, therefore, is entitled to a new trial.

II

A

Robert K. Hess of the Bay County Public Defender's Office was appointed to represent defendant on November 4, 1992. Defendant was bound

over for trial on November 9, 1992. On November 19, 1992, Bay Circuit Judge Eugene C. Penzien entered an "Interim Investigation Order," which directed defense counsel to discover defendant's prior convictions and details regarding the validity of those prior convictions. On December 4, 1992, Hess filed a motion to set aside the interim investigation order. On December 14, 1992, the court, without defendant's request or consent, removed Hess as his counsel.

Defendant and another person appealed by leave granted from the interim investigation orders entered by the court in their respective cases. This Court held: (1) to the extent that the orders required defendants to set forth by affidavit details of any prior convictions and their attorneys to divulge information to the prosecutor and the probation department under penalty of waiver of the right to challenge the constitutionality of the prior convictions, the orders violated the Fifth Amendment privilege against self-incrimination; (2) to the extent the orders required defendants' attorneys to disclose confidential communications concerning prior convictions, the orders violated the attorney-client privilege; (3) to the extent the orders provided for automatic waiver of the right to challenge any constitutionally invalid prior convictions and incorrect information in the presentence report, the orders violated MCR 6.425(D)(2) and MCL 771.14(5); MSA 28.1144(5); (4) to the extent the orders required the defendants' attorneys to inquire into and disclose the defendants' prior convictions, the orders duplicated the probation department's statutory mandates; and (5) to the extent the orders required counsel to obtain sufficient documentation to enable the court to determine if counsel was waived in any prior case, the orders improperly shifted the burden of prov-

ing the constitutional validity of prior convictions from the prosecutor to the defendants. *People v Johnson,* 203 Mich App 579; 513 NW2d 824 (1994).

It is apparent from the trial court's written opinion dated December 17, 1992, that it relieved Hess from representing defendant because Hess was challenging the court's interim investigation orders and refused to comply with the orders. The trial court had no authority to remove sua sponte defense counsel from his representation of defendant in this case. A court may remove a defendant's attorney on the basis of gross incompetence, physical incapacity, or contumacious conduct. *People v Arquette,* 202 Mich App 227, 231; 507 NW2d 824 (1993). Here, the court did not remove Hess for gross incompetence, physical incapacity, or contumacious conduct. Rather, it is quite apparent from the December 17, 1992, opinion that Hess was removed because he challenged the interim investigation orders of the trial court. A trial court may not remove a defendant's counsel merely over a disagreement regarding the conduct of defense counsel. *Harling v United States,* 387 A2d 1101, 1105 (DC App, 1978). Defense counsel's conduct in this case was certainly "within the bounds of reasonable advocacy." *Id.* Defense counsel challenged the interim investigation orders and appealed to this Court. Those orders were vacated in part because they were found to violate both the constitution and various statutes. Therefore, defense counsel's conduct cannot be said to be grossly incompetent, lacking because of physical incapacity, or contumacious.

Accordingly, the trial court improperly removed court-appointed counsel with no authority to do so.

B

Having found that error was committed, we

must determine whether a harmless-error analysis applies to this case. Finding that the Sixth Amendment right to counsel is implicated in this case, we conclude that a harmless-error analysis is not applicable and that defendant need not show prejudice in order to prevail.

The right to the assistance of counsel is guaranteed by both the federal and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. The trial court's unjustified removal of counsel during a critical stage in the proceedings implicates the Sixth Amendment right to counsel because that right attaches at or after the initiation of adversary judicial proceedings against the defendant. *People v Bladel (After Remand),* 421 Mich 39, 52; 365 NW2d 56 (1984). Here, the Sixth Amendment right to counsel had attached because the trial court improperly removed counsel more than one month after the preliminary examination and about two months before the trial began. Because adversary judicial proceedings had been initiated against defendant when the trial court arbitrarily removed counsel, the Sixth Amendment right to counsel was implicated.

Courts in other jurisdictions have not hesitated to protect an indigent defendant's right to counsel on Sixth Amendment grounds in situations similar to this case where a trial court improperly removed court-appointed counsel. The lead case in this regard is *Smith v Superior Court of Los Angeles Co,* 68 Cal 2d 547; 68 Cal Rptr 1; 440 P2d 65 (1968). In *Smith,* the California Supreme Court stated that "the constitutional guarantee of the defendant's right to counsel requires that his advocate, whether retained or appointed, be free in all cases of the threat that he may be summarily relieved as 'incompetent' by the very trial judge he is duty-bound to attempt to convince of the right-

ness of his client's cause." *Id.,* p 562. The court in *Smith* held that court-appointed counsel could not be dismissed, over the defendant's objection, in circumstances in which retained counsel could not be removed. Thus, it is irrelevant for purposes of the Sixth Amendment whether a trial court improperly removes retained or appointed counsel. Particularly, the court in *Smith* stated:

> It follows that once counsel is appointed to represent an indigent defendant, whether it be the public defender or a volunteer private attorney, the parties enter into an attorney-client relationship which is no less inviolable than if counsel had been retained. To hold otherwise would be to subject that relationship to an unwarranted and invidious discrimination arising merely from the poverty of the accused. [*Id.*]

Other courts have also held that a trial court's arbitrary removal of a defendant's appointed trial counsel, over objection of the defendant, violated the defendant's Sixth Amendment right to counsel. *Harling, supra,* pp 1105-1106. Thus, once an attorney is serving under a valid appointment by the court and an attorney-client relationship has been established, the trial court may not arbitrarily remove the attorney over the objection of both the defendant and counsel. *In re the Welfare of M R S,* 400 NW2d 147, 152 (Minn App, 1987), citing *Harling, supra; People v Davis,* 114 Ill App 3d 537, 542; 70 Ill Dec 363; 449 NE2d 237 (1983); *McKinnon v State,* 526 P2d 18, 22 (Alas, 1974); *English v State,* 8 Md App 330, 335; 259 A2d 822 (1969); see also *Stearnes v Clinton,* 780 SW2d 216, 221 (Tex Crim App, 1989).

Accordingly, we follow this well-established line of cases that hold that the arbitrary, unjustified removal of a defendant's appointed counsel by the

trial court during a critical stage in the proceedings, over the objection of the defendant, violates the defendant's Sixth Amendment right to counsel.

c

Because this case implicates the Sixth Amendment right to counsel, a harmless-error analysis does not apply under the circumstances presented.

In *People v Anderson (After Remand),* 446 Mich 392, 405; 521 NW2d 538 (1994), our Supreme Court explained that there is a two-part analysis to be employed where there is error in violation of the federal constitution. First, a court must determine if the error is a structural defect in the constitution of the trial mechanism that defies analysis by a harmless-error standard. In other words, some error requires automatic reversal, such as the deprivation of counsel. *Brecht v Abrahamson,* 507 US 619, 629-630; 113 S Ct 1710; 123 L Ed 2d 353 (1993); *People v Pubrat,* 206 Mich App 340, 344; 520 NW2d 724 (1994) (the denial of the right to counsel can never be deemed harmless). On the other hand, those errors that do not require automatic reversal are trial errors occurring during the presentation of the evidence to the jury. Any error relating to the presentation of evidence may be quantitatively assessed in the context of the other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt. This requires the beneficiary of the error to prove, and the court to determine, beyond a reasonable doubt that there is no reasonable possibility that the evidence complained of might have contributed to the conviction. *Anderson, supra,* pp 405-406.

The Supreme Court's explanation of the harm-

less-error analysis in *Anderson* is instructive, but
not dispositive, in this case. A harmless-error anal-
ysis was applied in *Anderson* because that case
involved an evidentiary issue, that is, the admis-
sion of a postarraignment statement at trial. The
Sixth Amendment was applicable in the context of
the statement. In other words, the Sixth Amend-
ment right to counsel was violated because the
defendant's statement was given after the arraign-
ment without counsel. However, a harmless-error
analysis was applicable in *Anderson* because that
case involved trial error that occurred during the
presentation of the case to the jury as a result of
the admission of the defendant's postarraignment
statement at trial.

The present case does not involve a trial error
that occurred during the presentation of the case
to the jury. Rather, it involves a structural error
that infected the entire trial mechanism because
defendant's Sixth Amendment right to counsel was
violated by the trial court by it removal of Hess
before trial began. As *Anderson* instructs, a harm-
less-error analysis is not applicable to the im-
proper removal of appointed trial counsel, a Sixth
Amendment violation. See also *Anaya v People,*
764 P2d 779 (Colo, 1988).

The federal courts also have generally held that
prejudice need not be shown where a defendant is
denied the Sixth Amendment right to counsel of
the defendant's choice. *Bland v California Dep't of
Corrections,* 20 F3d 1469, 1478 (CA 9, 1994);
*United States v Mendoza-Salgado,* 964 F2d 993,
1015 (CA 10, 1992); *United States v Collins,* 920
F2d 619, 625 (CA 10, 1990) (and see cases cited
therein); *Wilson v Mintzes,* 761 F2d 275, 285 (CA
6, 1985) (and see cases cited in its joining with a
number of federal circuit courts in holding that a
defendant need not show prejudice where a defend-

ant is improperly deprived of counsel of choice); *Linton v Perini,* 656 F2d 207, 211-212 (CA 6, 1981). In addition, the United States Supreme Court has noted that in order to obtain reversal for violation of the right to represent oneself, for a trial court's denial of the appointment of counsel altogether, or for denial of counsel's request to be replaced because of a conflict of interest, prejudice to the defendant need not be shown. *Flanagan v United States,* 465 US 259, 268; 104 S Ct 1051; 79 L Ed 2d 288 (1984).

Therefore, reversal is required even if no prejudice is shown in improperly removing a defendant's court-appointed attorney. *Harling, supra,* p 1106. Our Supreme Court also has peremptorily vacated this Court's affirmance of a defendant's sentence because the trial judge in this case (Judge Penzien) improperly removed trial counsel before sentencing. This Court's finding that no prejudice was shown by defendant obviously had no bearing on the Supreme Court's order. See *People v Armendarez,* 446 Mich 865 (1994), rev'g unpublished memorandum opinion of the Court of Appeals, issued August 13, 1993 (Docket No. 143732).

With respect to *People v Abernathy,* 153 Mich App 567; 396 NW2d 436 (1985), we find that the prejudice requirement in *Abernathy* is dicta because this Court had found that the trial court did not err in removing the defendant's original appointed counsel because counsel's conduct had been grossly incompetent or contumacious. *Id.,* pp 570-572. Upon finding that counsel's performance was grossly incompetent or contumacious, it was unnecessary to find that defendant was not prejudiced by the dismissal because the trial court justifiably dismissed the defendant's appointed counsel.

Further, whether substitute counsel performed

competently is irrelevant. *Wilson, supra,* pp 283-286, and *Harling, supra,* p 1106. That is because claims of ineffective assistance of counsel focus on whether a defendant received a fair trial (a trial error occurring during the presentation of the case to the jury), and a defendant must establish that prejudice arose as a result of a claim of ineffective assistance of counsel. See *Bland, supra,* p 1478. As we have explained, the trial court's improper removal of appointed counsel before trial infected the entire trial mechanism; the removal is not subject to a harmless-error analysis.

Accordingly, we follow this well-established line of federal and state cases holding that a harmless-error analysis does not apply where a trial court violates a defendant's Sixth Amendment right to counsel by improperly removing appointed or retained trial counsel and that a defendant need not establish prejudice under these circumstances.

D

The fact that defendant did not specifically object to the trial court's removal of his court-appointed counsel is also of no consequence. It is well established that an important constitutional issue may be raised on appeal for the first time and addressed by the appellate court. *People v Heim,* 206 Mich App 439, 441; 522 NW2d 675 (1994); *People v Gezelman (On Remand),* 202 Mich App 172, 174; 507 NW2d 744 (1993); *People v Schollaert,* 194 Mich App 158, 162; 486 NW2d 312 (1992). In *People v Grant,* 445 Mich 535, 547; 520 NW2d 123 (1994), our Supreme Court also noted that appellate courts will consider claims of constitutional error for the first time on appeal where the alleged error could have been decisive of the outcome. This is a situation where the trial court

acted without a request by the defendant to re-
move his counsel and without defendant's consent
to do so. The trial court's action was an arbitrary
infringement on the right to the assistance of
counsel and an interference with the attorney-cli-
ent relationship. The trial court improperly inter-
fered by removing counsel with no justification for
doing so. *Harling, supra,* p 1106; *In re the Welfare
of M R S, supra,* p 152.

Indeed, it appears from Judge Penzien's remarks
to the defendant in *People v Durfee,* 215 Mich App
677; — NW2d — (1996), that any objection by
defendant would have made no difference because
Judge Penzien made clear in that case that he
would not disqualify himself even if Hess re-
mained as the defendant's counsel. Judge Pen-
zien's remarks were clearly coercive and left the
defendant with no option other than to "accept"
his removal of appointed trial counsel.

Having found that the trial court improperly
removed court-appointed counsel where there was
no justification for doing so, that the trial court
violated the defendant's Sixth Amendment right to
counsel, that such an action is not subject to
harmless-error analysis, and that prejudice need
not be shown, we reverse defendant's convictions
and remand for a new trial before a different
judge, at which defendant may be represented by
attorney Robert Hess if he requests such represen-
tation.

III

We will briefly address defendant's claims re-
garding the sufficiency of the evidence in support
of his convictions of armed robbery and assault
with intent to commit murder. We find there was
sufficient evidence to sustain defendant's convic-
tions.

When determining whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *People v Wolfe,* 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992).

### A

The elements of armed robbery are: (1) an assault, (2) a felonious taking of property from the victim's person or presence, and (3) the defendant must be armed with a weapon described in the statute. *People v Turner,* 213 Mich App 558, 569; 540 NW2d 728 (1995). Defendant claims that there was insufficient evidence that he had the intent to rob the victim. However, we find that a rational trier of fact could reasonably infer, on the basis of the evidence presented, that defendant intended to rob the victim. *People v Jolly,* 442 Mich 458, 466; 502 NW2d 177 (1993).

Defendant entered the store armed with a gun. He assisted McGee by taking the store clerk to the cooler after McGee produced a gun and demanded money from the clerk. After taking the clerk to the cooler, McGee walked over and shot the clerk in the head and in the arm. A struggle ensued, at which time defendant shot the clerk in the back and in the legs. A paper bag containing money, food stamps, and a .25 caliber gun was found near the area where defendant was later arrested.

This evidence shows that defendant actively participated in the armed robbery. After watching McGee produce a gun and demand money, defendant took the clerk to the cooler at McGee's re-

quest. Defendant also shot the clerk. Accordingly, there was sufficient evidence presented for the jury to find that the elements of armed robbery had been proved beyond a reasonable doubt.

B

Defendant also claims that there was insufficient evidence of an intent to kill. The elements of assault with intent to commit murder are (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder. *People v Barclay,* 208 Mich App 670, 674; 528 NW2d 842 (1995). The intent to kill may be proved by inference from any facts in evidence. *Id.*

The evidence in this case was that after McGee first shot the clerk in the head and in the arm, a struggle ensued between McGee and the clerk. Defendant then shot the clerk three times in the back and in the legs. Because defendant knew that the clerk had already been shot and yet proceeded to shoot him three times from behind, the jury could have reasonably concluded that defendant intended to kill the clerk. Accordingly, there was sufficient evidence presented at trial to sustain the conviction of assault with intent to commit murder.

IV

Defendant also contends that the trial court should have given sua sponte an intoxication instruction. Defendant neither requested this instruction nor objected to the instructions in this regard below. Thus, we review this issue only to determine if there is manifest injustice. *People v Van Dorsten,* 441 Mich 540, 544-545; 494 NW2d 737 (1993).

There is no manifest injustice in this case because the trial court did not err in not giving sua sponte an instruction on intoxication. The defense of intoxication was not defendant's theory of the case. The defense theory was that, while defendant admittedly participated in the offense, he had no knowledge concerning McGee's plan to rob the store and that he shot the clerk because he panicked and only wanted to leave the store more quickly. Thus, defendant attacked the intent element of the offenses. Defendant never testified that he was intoxicated, although he admitted using cocaine that day. Further, although defense counsel mentioned during closing arguments that defendant had consumed intoxicants, he did so to point out why defendant's testimony conflicted with the clerk's testimony.

Accordingly, the trial court's instructions were proper because the jury was instructed regarding the law applicable to the case. The trial court did not exclude a material defense. *People v Moldenhauer,* 210 Mich App 158, 159; 533 NW2d 9 (1995).

V

We need not consider defendant's claims of ineffective assistance of counsel and prosecutorial misconduct because those issues were unique to the trial.

Defendant's convictions are reversed and the case is remanded for a new trial before a different judge in accordance with this opinion.

MURPHY, P.J., concurred.

R. L. KACZMAREK, J. *(concurring in part and dissenting in part).* I join in parts III, IV, and V of the majority opinion. As in *People v Durfee,* 215

Mich App 677; — NW2d — (1966), we are here
considering the case of an appellant whose trial
counsel was appointed by the court. And, as in
*Durfee,* I agree that the circuit court improperly
removed trial counsel. However, because I disagree
that removal of appointed counsel amounts to a
structural defect in the constitution of the trial
mechanism, *People v Anderson (After Remand),*
446 Mich 392, 405; 521 NW2d 538 (1994), I respect-
fully dissent.

This appeal is brought under the Sixth Amend-
ment of the United States Constitution, which
provides in part that the accused in all criminal
prosecutions shall "have the Assistance of Counsel
for his defence." US Const, Am VI. However, this
right does not include assistance from the ap-
pointed counsel of an indigent defendant's choos-
ing. *People v Ginther,* 390 Mich 436, 441; 212
NW2d 922 (1973); *Caplin & Drysdale v United
States,* 491 US 617, 624; 109 S Ct 2646; 105 L Ed
2d 528 (1989). As I argued in my dissenting opin-
ion in *Durfee, supra,* improper removal of ap-
pointed trial counsel does not amount to such a
grave imposition on constitutional rights that it
must be automatically reversed. Accordingly, I
would hold that the appellant must show that the
court improperly removed trial counsel and that
such error was not harmless.

Appellant does not argue that he suffered any
prejudice from the removal of original counsel. He
does present a claim of ineffective assistance of
counsel, but there are no explicit allegations that
the original trial counsel would have effectively
assisted him. However, because the law presumes
Sixth Amendment assistance of counsel is effec-
tive, *People v Harris,* 185 Mich App 100, 104; 460
NW2d 239 (1990), I will address the ineffective
assistance claim.

Unlike *Durfee, supra,* appellant here argues that he subsequently was denied effective assistance of counsel at trial. Appellant points to several statements in the record made by trial counsel and claims that these statements unduly prejudiced his defense. To succeed on a claim of ineffective assistance of counsel, appellant must demonstrate that counsel's performance was deficient and that, under an objective standard of reasonableness, counsel made an error so serious that the assistance guaranteed by the Sixth Amendment was not provided. *People v Thew,* 201 Mich App 78, 89; 506 NW2d 547 (1993). In addition, the appellant must overcome the presumption that the challenged action might be considered sound trial strategy. *People v Tommolino,* 187 Mich App 14, 17; 466 NW2d 315 (1991). The court must be highly deferential in scrutinizing counsel's performance. *Strickland v Washington,* 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

The alleged deficiencies here occurred during voir dire, opening statement, examination of witnesses, and closing argument. During voir dire, trial counsel told a potential juror to "[c]ount your blessings" when the juror indicated she has not been robbed. During examination of the complainant, trial counsel concluded by stating that "I would say I'm very thankful you're alive, sir." Appellant particularly points to trial counsel's opening statement, where he stated that:

The question becomes what charges are appropriate for Mr. Johnson under the circumstances. And I submit that one thing has already been proven in this case, even though you haven't heard any evidence, and that—at least as far as I'm concerned, there's a God in Heaven because Mr. Altergott is walking around which is an absolute miracle based—after the savage attack

against him that he is able to do that and did so
fairly quickly. And the fact that he was able to
courageously knock Mr. McGee down and—and
get the gun out of his hand was even more amaz-
ing.

Finally, trial counsel thanks the jurors for hearing
a "difficult case" arising from "this terrible crime"
and attributed the complainant's courageous ac-
tions to "[a]n act of God." Given the facts of this
case, I cannot say that this trial strategy might
not be considered sound. Therefore, I would find
that the appellant was afforded effective assistance
of counsel at trial.

In light of the disposition of appellant's ineffec-
tive assistance claim and the lack of any other
claims of prejudice, I would find that the removal
of appellant's original trial counsel amounts to
harmless error and, therefore, would affirm the
sentence.