*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DAVID DARNELL ROBINSON,

       Defendant-Appellant.

UNPUBLISHED
April 18, 2019

No. 339593
Macomb Circuit Court
LC No. 2015-003253-FH

Before: JANSEN, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction for embezzlement from a vulnerable adult, MCL 750.174a(4)(a). Defendant was sentenced to two years' probation, with 10 months' jail, and was ordered to pay $16,017.46 in restitution to the victim which would be reduced if he returned certain property to the victim. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant first contends that there was insufficient evidence to demonstrate that the victim, an 89-year-old man, was a vulnerable adult because no evidence was introduced that the victim needed or required supervision or personal care. We disagree.

This Court reviews de novo a challenge to the sufficiency of the evidence in a jury trial, while viewing the evidence in a light most favorable to the prosecution, "to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). All conflicts in the evidence are resolved in favor of the prosecution, and all circumstantial evidence and resulting reasonable inferences drawn therefrom can establish satisfactory proof of the crime. *People v Solloway*, 316 Mich App 174, 180-181; 891 NW2d 255 (2016). "A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses." *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018).

-1-

The crime of embezzlement from a vulnerable adult is set forth in MCL 750.174a. It provides, in pertinent part: "[a] person shall not through fraud, deceit, misrepresentation, coercion, or unjust enrichment obtain or use or attempt to obtain or use a vulnerable adult's money or property to directly or indirectly benefit that person knowing or having reason to know the vulnerable adult is a vulnerable adult." MCL 750.174a(1). MCL 750.174a(4)(a) additionally provides that a person is guilty of a felony if the money or property used or obtained has a value greater than or equal to $1,000 but less than $20,000. MCL 750.174a(15)(c) provides that the applicable definition of a "vulnerable adult" is found in MCL 750.145m(u). Under that provision, a vulnerable adult is "[a]n individual age 18 or over who, because of age, developmental disability, mental illness, or physical disability requires supervision or personal care or lacks the personal and social skills required to live independently." *People v Cline*, 276 Mich App 634, 643; 741 NW2d 563 (2007), quoting MCL 750.145m(u)(*i*).

Evidence was introduced during trial that allowed the jury to reasonably infer that the victim was a vulnerable adult as defined by *Cline* and MCL 750.145m(u)(*i*). The victim was 89-years-old at the time of the events and lived in a supervised care home. Although the victim had previously lived independently, he moved into the supervised care home after failing to adequately care for himself for several days after becoming ill. The victim had gone without food or water during that time which resulted in his hospitalization. Additionally, Kimberlie Johnson, a long-time friend of defendant, testified that the victim was not mentally alert or coherent at times and that he could be emotionally unstable. The victim had also asked defendant, who was the victim's great-nephew, to help him. Even though the victim could not remember whether he had asked defendant to have power of attorney, Johnson heard the victim ask that of defendant. Detective Thomas Hill's investigation subsequently revealed that defendant had power of attorney. That testimony was sufficient to allow the jury to reasonably infer that, because of the victim's age, it was difficult for the victim to take care of his physical needs when and after he became ill. The jury could also infer that the victim knew that he needed physical and financial help because he had asked defendant to help him. Therefore, the jury could also reasonably infer that the victim required some form of supervision or personal care. Viewing that evidence in the light most favorable to the prosecution, sufficient evidence existed to allow the jury to find that the victim was a vulnerable adult.

## II. CONSTITUTIONAL VAGUENESS

Second, defendant argues that the term "vulnerable adult" is unconstitutionally vague because it conferred unlimited discretion on the jury to define that term. We disagree.

To preserve an issue regarding the constitutionality of a statute, the defendant must raise the issue before the trial court. *People v Vandenberg*, 307 Mich App 57, 61; 859 NW2d 229 (2014). Defendant failed to object to the constitutionality of MCL 750.145m(u)(*i*) below, therefore, this issue is unpreserved on appeal.

While constitutional issues are generally reviewed de novo on appeal, unpreserved claims of constitutional error are reviewed for plain error. *Vandenberg*, 307 Mich App at 61. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement

generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. Reversal is warranted when the plain error leads to "the conviction of an actually innocent defendant[,]" or where the error affects the "fairness, integrity, or public reputation" of the proceeding. *Id*. at 763-764.

The void for vagueness doctrine is derived from constitutional due process guarantees. *People v Roberts*, 292 Mich App 492, 497; 808 NW2d 290 (2011). A statute may be challenged as unconstitutionally vague on three grounds: "(1) it is overbroad and impinges on First Amendment freedoms; (2) it does not provide fair notice of the conduct proscribed; or (3) it is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether an offense has been committed." *Id*., quoting *People v Heim*, 206 Mich App 439; 441; 522 NW2d 675 (1994).

A defendant who challenges a statute as unconstitutionally vague has the burden of proving that the statute is invalid. *People v Bosca*, 310 Mich App 1, 71; 871 NW2d 307 (2015). "For a statute to be sufficiently definite, its meaning must be fairly ascertainable by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meanings of words." *People v Lawhorn*, 320 Mich App 194, 200; 907 NW2d 832 (2017), quoting *People v Sands*, 261 Mich App 158, 161; 680 NW2d 500 (2004) (quotation marks omitted). Even if a statute is susceptible to impermissible interpretations, "reversal is not required where the statute can be narrowly construed so as to render it sufficiently definite to avoid vagueness and where the defendant's conduct falls within that prescribed by the properly construed statute." *Lawhorn*, 320 Mich App at 200, quoting *People v Al-Saiegh*, 244 Mich App 391, 397 n 5; 625 NW2d 419 (2001) (quotation marks omitted).

The statutory definitions and the trial court's instructions to the jury defining the term "vulnerable adult" demonstrate that the jury had sufficient guidance in determining whether the victim was a vulnerable adult. The statute refers to the definition of a "vulnerable adult" in "[S]ection 145m, whether or not the individual has been determined by the court to be incapacitated." MCL 750.174a(15)(c). MCL 750.145m(u)(*i*) defines a "vulnerable adult" as "[a]n individual age 18 or over who, because of age, developmental disability, mental illness, or physical disability requires supervision or personal care or lacks the personal and social skills required to live independently." Contrary to defendant's assertion that that definition allowed the jury to decide the meaning of "vulnerable adult" on a subjective basis, the statutory definition required the jury to find that the victim objectively required assistance or lacked the ability to live an independent life. Thus, the statute provides sufficient guidance in determining whether a person is a vulnerable adult.

Additionally, the trial court provided the definition found in MCL 750.145m(u)(*i*) to the jury during jury instructions. That definition is the definition found in the statute and in other decisions of this Court, thus, it is sufficiently definite. See *Cline*, 276 Mich App at 643 (quoting the definition of "vulnerable adult" in MCL 750.145m(u)(*i*)). Defendant did not object to those instructions in the trial court or on appeal. Because the statute clearly indicates the necessary traits of a vulnerable adult, and no error was clear or obvious from the record, the jury had sufficient direction to determine whether the victim was a vulnerable adult.

## III. PROSECUTORIAL ERROR

Third, defendant argues that the prosecutor committed misconduct[1] by impermissibly stating, during closing arguments, her own personal opinion and by making factual statements not supported by the evidence. We disagree.

In order to preserve a claim of prosecutorial error for review, "a defendant must have timely and specifically objected below, unless objection could not have cured the error." *People v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011). This issue is unpreserved because defendant did not object to any of the prosecutor's statements during closing arguments.

Generally, issues of prosecutorial error are reviewed de novo. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). However, unpreserved claims of prosecutorial error are reviewed for plain error that affects the defendant's substantial rights. *Brown*, 294 Mich App at 382. The defendant must therefore demonstrate that an error occurred, the error was clear or obvious, and the error affected the outcome of the lower court proceedings. *Carines*, 460 Mich at 763.

"To determine whether prosecutorial error has occurred, this Court looks to whether the defendant received a fair and impartial trial." *People v Johnson*, 315 Mich App 163, 200; 889 NW2d 513 (2016). When reviewing a claim of prosecutorial error, this Court examines the pertinent portion of the record and evaluates the prosecutor's remarks in context. *People v Jackson*, 313 Mich App 409, 425-426; 884 NW2d 297 (2015).

During closing argument, a prosecutor may not make "a factual statement to the jury that is not supported by the evidence," or express "personal beliefs or opinions of a defendant's guilt." *Johnson*, 315 Mich App at 201 (quotation marks and citation omitted). However, any statements made by a prosecutor "are to be evaluated in light of defense arguments and the relationship the comments bear to the evidence admitted at trial." *People v Mullins*, 322 Mich App 151, 172; 911 NW2d 201 (2017), quoting *People v Dobek*, 274 Mich App 58, 64; 732 NW2d 546 (2007) (quotation marks omitted). "Generally, prosecutors are given great latitude regarding their arguments and are free to argue the evidence and all reasonable inferences from the evidence as they relate to their theory of the case." *Mullins*, 322 Mich App at 172, quoting *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009) (quotation marks omitted). A prosecutor may also "comment on his own witnesses' credibility during closing argument,

---

[1] This Court explained in *People v Cooper*, 309 Mich App 74, 87-88; 867 NW2d 452 (2015), that the term "prosecutorial misconduct" has become a term of art used to describe any error that has been committed by the prosecution. The *Cooper* Court concluded that claims of inadvertent error by the prosecution are "better and more fairly presented as claims of 'prosecutorial error,' with only the most extreme cases rising to the level of 'prosecutorial misconduct[,]' " such as those actions that are fraudulent or that violate the Michigan Rules of Professional Conduct. *Id*. For that reason, we will refer to defendant's claims of "prosecutorial misconduct" as "prosecutorial error."

especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." *Jackson*, 313 Mich App at 416, quoting *People v Thomas*, 260 Mich App 450, 454; 678 NW2d 631 (2004) (quotation marks omitted).

The prosecutor's comments during closing arguments permissibly related to the credibility of the witnesses or reasonable inferences arising from the evidence presented. First, defendant argues that the prosecutor's comment that she "[didn't] believe" that the victim had signed the titles to his 1993 Lincoln Town Car and 1977 Chevrolet Corvette over to defendant was an impermissible expression of a personal opinion. However, the context of that statement demonstrates that the prosecutor was commenting on the credibility of the victim's and Johnson's testimonies. The victim testified that he did not sign over the titles to those cars, while Johnson testified that she had seen the victim do so. Juxtaposing the victim's testimony with Johnson's testimony was a permissible comment on the victim's credibility because there was conflicting testimonial evidence and the question of defendant's guilt depended on which witness the jury believed. *Jackson*, 313 Mich App at 416.

Additionally, defendant contends that the prosecutor's comments that defendant "probably sold" the Town Car and Corvette and that the victim's signature was not "a hard signature to forge[]" were impermissible as they were not supported by the evidence presented. However, those comments were based on reasonable inferences arising from the evidence presented. Detective Hill testified that defendant owned the titles to both the Town Car and Corvette. However, Detective Hill was unable to locate either car during the course of his investigation. One could reasonably infer from that evidence that defendant may have sold the cars because the cars were no longer in defendant's possession. Furthermore, the victim testified that someone could have duplicated his signature on other documents. One could reasonably infer from that testimony that someone, including defendant, could have forged the victim's signature on title documents to a new car. Therefore, those statements were reasonable inferences arising from the evidence related to the prosecution's theory that defendant had illegally benefitted from his relationship with the victim. *Mullins*, 322 Mich App at 172. Accordingly, the prosecutor's statements during closing arguments do not rise to the level of prosecutorial error.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant argues that he was denied the effective assistance of counsel because trial counsel failed to object to the prosecutor's comments during closing arguments. We disagree.

A defendant preserves the issue of ineffective assistance of counsel by moving in the trial court either for a new trial or for an evidentiary hearing on the issue pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973). *People v Foster*, 319 Mich App 365, 390; 901 NW2d 127 (2017). This issue is unpreserved because defendant neither moved for a new trial nor requested a *Ginther* hearing before the trial court.

"Whether a defendant was deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law." *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). While an appellate court reviews the trial court's constitutional

determinations de novo, the trial court's factual determinations are reviewed for clear error. *Id.* A factual determination is clearly erroneous if the appellate court is "left with a definite and firm conviction that the trial court made a mistake." *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017). If an issue is unpreserved and no *Ginther* hearing is held, "review is limited to errors apparent on the record." *People v Urban*, 321 Mich App 198, 206; 908 NW2d 564 (2017).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *Urban*, 321 Mich App at 206-207. To support a conclusion that a defendant's trial counsel was ineffective, the defendant must demonstrate that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012); see also *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). The defendant bears the burden of establishing the factual predicate for his claim. *Jackson*, 313 Mich App at 432. Additionally, "[f]ailing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Green*, 322 Mich App 676, 687; 913 NW2d 385 (2018), quoting *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (quotation marks omitted).

As discussed *supra*, the prosecutor's comments during closing arguments did not rise to the level of prosecutorial error because they were permissible comments on the credibility of the prosecution's witnesses or reasonable inferences from the evidence related to the prosecution's theory of the case. *Mullins*, 322 Mich App at 172; *Jackson*, 313 Mich App at 416. Even if defense counsel had objected to those statements, the trial court should have overruled those objections. Therefore, because such an objection would have been futile, defense counsel's failure to object to those statements does not constitute ineffective assistance of counsel. *Green*, 322 Mich App at 687.

However, even if the prosecutor did commit misconduct in making those comments, and an objection to those comments would not have been futile, defendant failed to demonstrate that he was prejudiced by those comments. The trial court instructed the jury that the lawyers' statements and arguments were not evidence. "Jurors are presumed to follow the court's instructions, and instructions are presumed to cure most errors." *Mullins*, 322 Mich App at 173. That instruction would presumably have cured any error that may have occurred, and defendant has not presented any evidence that would overcome that presumption. Therefore, defendant has also failed to demonstrate that he was prejudiced by the prosecutor's comments, and any ineffective assistance of counsel claim must fail.

Affirmed.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher