## PEOPLE v. HENSON

1. CRIMINAL LAW—UTTERING AND PUBLISHING FALSE INSTRUMENT —PLEA OF GUILTY—VOLUNTARINESS OF PLEA.

   The fact that defendant told the prosecuting attorney that he would like to be treated for his addiction to alcohol does not establish a basis for concluding that the prosecutor promised that defendant would get medical treatment if he pled guilty.

2. FORGERY—CRIMINAL LAW—UTTERING AND PUBLISHING FALSE INSTRUMENT—ELEMENTS—OBTAINING OF MONEY.

   Actual obtaining of money is not necessary to the crime of uttering and publishing a check without having a checking account; presentation of the check for cashing is sufficient (CL 1948, § 750.131a).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.
[2] 32 Am Jur 2d, False Pretenses § 19.
[3] 21 Am Jur 2d, Criminal Law §§ 107, 108.

3. FORGERY—CRIMINAL LAW—UTTERING AND PUBLISHING FALSE IN-
   STRUMENT—PLEA OF GUILTY—ALCOHOLISM OF DEFENDANT.

    Acceptance by trial court of defendant's plea of guilty to utter-
   ing and publishing a check without having a checking account
   even though the court knew that defendant had a reputation
   of being an alcoholic was not error where there was no showing
   in the record that defendant was intoxicated at the time of the
   offense so as to negate the requisite intent to defraud (CL
   1948, § 750.131a).

Appeal from Hillsdale, Robert W. McIntyre, J.
Submitted Division 2 March 5, 1969, at Lansing.
(Docket No. 5,996.)   Decided June 26, 1969.

Harry G. Henson was convicted, on his plea of
guilty, of uttering and publishing a check without
having a checking account.   Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *James B. Parker,*
Prosecuting Attorney, for the people.

*Charles G. Gibbons,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and LEVIN and
BRONSON, JJ.

J. H. GILLIS, P. J.   On May 22, 1968, defendant
pled guilty to the crime of uttering and publishing
a check without having a checking account (CL
1948, § 750.131a [Stat Ann 1962 Rev § 28.326(1)])
and subsequently was sentenced to serve one year
and eleven months to two years.   From this convic-
tion and sentence defendant appeals.

Defendant contends that it was reversible error
for the court to have accepted his plea of guilty
because it was induced by promises of medical treat-

ment for alcoholism.  The record is devoid of specific language establishing such a promise, although it does appear that the defendant told the prosecuting attorney that he would like treatment for his addiction to alcohol.  This does not establish a basis for concluding that the prosecutor promised that defendant would get medical treatment if he pled guilty.

Defendant's contention that there was no crime committed in that he was apprehended soon after he presented the check for cashing and before any money could be paid to him is without merit.  See *People* v. *Jacobson* (1929), 248 Mich 639, 642.

Defendant's final allegation that the court erred by accepting his plea knowing he had a reputation of being alcoholic, is equally without merit.  There is no showing in this record that the defendant was intoxicated at the time the offense was committed so as to negate the requisite intent to defraud.

Affirmed.

All concurred.