PEOPLE v PARKER

1. Criminal Law—Defendant's Competency—Diagnostic Facility —Court Rules.

   The court rules prescribing the method to be followed when the question of a defendant's competency to stand trial is raised provide that if the motion to determine competency is made by someone other than the defendant, the court shall order the defendant to show cause why he should not be committed to an approved diagnostic facility for a psychiatric evaluation (GCR 1963, 786).

2. Criminal Law—Defendant's Competency—Order to Show Cause—Court Rules.

   The trial court, having raised the issue of the defendant's competency to stand trial, was obligated to issue an order for the defendant to show cause why he should not be committed to an approved diagnostic facility for a psychiatric evaluation and to hold a hearing to determine the defendant's competency; failure to follow the procedure set forth in the court rules was error.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 April 9, 1973, at Detroit. (Docket No. 13977.) Decided April 25, 1973. Leave to appeal granted, 390 Mich 766.

Lorenzo Parker was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

Reference for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law §§ 64, 74.

Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: BRONSON, P. J., and R. B. BURNS and VANVALKENBURG,* JJ.

R. B. BURNS, J. Defendant was convicted by a jury of assault with intent to do great bodily harm less than murder. MCLA 750.84; MSA 28.279.

Defendant contends the trial court erred by failing to refer him to a forensic center for a psychiatric examination.

The record in this case leaves much to be desired. But it does show that on July 23, 1971, the trial court referred the defendant to the Psychiatric Clinic.[1] A docket entry on August 13, 1971, indicates that a report was received from the clinic and the trial court found the defendant competent to stand trial.

The record is void as to the reason for the court referring the defendant to the clinic. The record does not contain any motion by the prosecutor, defendant, or any other interested party asking for the examination. Therefore, we must assume that the court acted on its own initiative.

MCLA 767.27a; MSA 28.966(11) states:

"(1) A person accused of a crime who is incompetent to stand trial shall not be proceeded against while he is incompetent. A person is incompetent to stand trial within the meaning of this section if he is incapable of

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] A psychopathic department of recorder's court authorized by statute. MCLA 725.3; MSA 27.3943. However, the clinic is not a diagnostic facility approved by the department of mental health.

understanding the nature and object of the proceedings against him, of comprehending his own condition in reference to the proceedings, or of assisting in his defense in a rational or reasonable manner.

"(2) The issue of competence to stand trial may be raised by the prosecuting attorney, defense counsel, by any interested person on leave of the court, or by the court on its own motion. The time and form of the procedure incident to raising the issue of competence shall be provided by court rule.

"(3) Upon a showing that the defendant may be incompetent to stand trial, the court shall commit the defendant in the criminal case to the custody of the center for forensic psychiatry or to any other diagnostic facility certified by the department of mental health for the performance of forensic psychiatric evaluation. The commitment shall be for a period not to exceed 60 days. Within that period the center or other facility shall prepare a diagnostic report and recommendations which are to be transmitted to the committing court."

GCR 1963, 786, states:

".1 The issue of a defendant's competence to stand trial as defined in 1966 PA, 266 may be raised at any time before trial by a written motion to commit the defendant to the department of mental health.

".2 The issue of defendant's competence to stand trial may be raised during trial only by the trial court on its own motion.

".3 If defendant is the moving party, the court shall order the defendant committed to a diagnostic facility certified by the department of mental health for the performance of forensic psychiatric evaluation for a period not to exceed 60 days from the date of the commitment order.

".4 If the motion is not made by the defendant, the court shall order the defendant to show cause why he should not be committed to an approved diagnostic facility certified by the department of mental health for the performance of forensic psychiatric evaluation, for a period not to exceed 60 days from the date of the commitment order."

The court rules prescribe the approved method to be followed when the question of the defendant's competency to stand trial is raised. *People v Kerridge,* 20 Mich App 184 (1969); *People v Ledbetter,* 31 Mich App 160 (1971); *People v Howard,* 37 Mich App 662 (1972).

The court rule provides that if the motion to determine competency is made by someone other than the defendant, the court shall order the defendant to show cause why he should not be committed to an approved diagnostic facility for a psychiatric evaluation.

As previously stated the competency evaluation of the defendant was initiated by the court. The statute authorizes the court to institute competency proceedings on its own motion and the court rules set out the proper procedure to implement such action.

The court having raised the issue of defendant's competency to stand trial, was obligated to issue an order for the defendant to show cause why he should not be committed to an approved diagnostic facility for a psychiatric evaluation and to hold a hearing to determine the defendant's competency.

The trial court failed to follow the procedure set forth in the court rules.

Reversed and remanded for a new trial.

All concurred.