PEOPLE v NELSON JOHNSON

1. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—DUTY OF JUDGE—
   BONA FIDE DOUBT—DISCRETION—STATUTES—COURT RULES.

   A trial court must raise the issue of a defendant's competence to
   stand trial where facts are brought to the court's attention
   which raise a bona fide doubt as to the defendant's competence;
   however, the decision whether a bona fide doubt exists is within
   the discretion of the trial court and will be reversed only for an
   abuse of discretion (MCLA 767.27a; GCR 1963, 786.2).

2. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—ABUSE OF DISCRE-
   TION—BONA FIDE DOUBT.

   Failure to *sua sponte* raise the issue of competence to stand trial
   was not an abuse of discretion where the record fails to show
   the defendant was unable to understand the proceedings or
   assist counsel and where a presentence psychiatric report,
   made for rehabilitative and counseling purposes, did not raise a
   bona fide doubt as to the defendant's competence.

3. APPEAL AND ERROR—EX PARTE AFFIDAVITS—RECORD ON APPEAL.

   *Ex parte* affidavits, filed for the first time in an appellate brief,
   may not serve to enlarge the record on appeal.

4. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS OF PLEA—PROM-
   ISES OF MEDICAL TREATMENT—WAIVER.

   A guilty plea will not be set aside because it was allegedly
   induced by promises of medical treatment where the plea
   transcript shows that the defendant unequivocally stated that
   no promises were made to induce his plea and that it was
   entered freely and voluntarily.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 64.
[3] 4 Am Jur 2d, Appeal and Error §§ 481, 528.
[4] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[5, 6] 21 Am Jur 2d, Criminal Law §§ 527–530.
[7] 21 Am Jur 2d, Criminal Law §§ 533–546, 569, 572.
[8] [No reference]

5. Criminal Law—Sentencing—Evidence—Full Information—Individualized Punishment.

Full information concerning a defendant is generally admissible at sentencing under concepts of individualizing punishment.

6. Criminal Law—Sentencing—Prior Convictions—Impermissible Considerations—Right to Counsel.

Alleged improper consideration is not found to have been given to a prior conviction, which may have been invalid because there was some question whether the defendant had been represented by counsel, where the sentencing judge specifically stated that he would ignore that prior conviction.

7. Criminal Law—Sentencing—Validity of Sentence—Accurate Information.

A sentence, to be valid, must be predicated upon accurate information.

8. Constitutional Law—District Court Act—Title-Body Clause.

The act which created the district court and provided it with criminal jurisdiction does not violate the title-body clause of the Michigan Constitution (Const 1963, art 4, § 24; MCLA 600.8101 *et seq.).*

Appeal from Wayne, James Montante, J. Submitted Division 1 January 7, 1975, at Detroit. (Docket No. 18876.) Decided February 11, 1975. Leave to appeal denied, 394 Mich —.

Nelson E. Johnson was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*John A. Lydick,* Assistant State Appellate Defender, for defendant.

Before: QUINN, P. J., and BASHARA and R. M. MAHER, JJ.

R. M. MAHER, J. Defendant pled guilty to the added count of assault with intent to rob being armed, MCLA 750.89; MSA 28.284. Defendant was sentenced to a term of from 15 to 30 years to run concurrently with a 20- to 30-year term that defendant was already serving and he now appeals.

Defendant's primary contention is that the trial court committed reversible error by failing to *sua sponte* order a hearing pursuant to GCR 1963, 786.2 and MCLA 767.27a; MSA 28.966(11), to determine if defendant was competent to stand trial. Where facts are brought to the trial court's attention which raise a "bona fide doubt" as to a defendant's capacity to stand trial, it is the trial court's duty to raise the issue of competency. *Pate, Warden v Robinson,* 383 US 375, 86 S Ct 836; 15 L Ed 2d 815 (1966); *People v Russell,* 20 Mich App 47; 173 NW2d 816 (1969). Whether a "bona fide doubt" exists, however, is a decision within the discretion of the trial court which will only be reversed for an abuse of discretion. *People v Groeneveld,* 54 Mich App 424; 221 NW2d 254 (1974).

Our reading of the record in this case discloses that when asked why he was pleading guilty, defendant replied, "Well, I can get a doctor to look at me. I am also guilty, your Honor". The trial court then properly advised defendant and established on the record that no promises were made to defendant to induce his plea and that it was entered freely and voluntarily. During a rambling recitation which included an explanation of how defendant hurt his shoulder, a factual basis for the plea was supplied and it was accepted by the court.

The trial judge proceeded to refer defendant to

the probation department for a presentence report. The judge also suggested that a psychiatric evaluation be made and defendant agreed. At sentencing, the judge indicated that this suggestion was prompted by a request by defendant for a psychiatric evaluation. The record of the plea proceeding shows no such request; only defendant's desire to see a doctor. This appears to have been deemed necessary because of the injury to defendant's shoulder. All references to psychiatric treatment appear to have been made for the purpose of rehabilitation or counseling.

Counsel for defendant stated that:

"[Defendant] understands that whatever this court does, he must serve that time; but [defendant] is concerned that he needs some sort of help, and he wants this court to understand that he knows this court is going to have to sentence him, but he wants this court to sentence him somewhere or to make a recommendation so that he can get some professional counseling and help and medical treatment if he needs it."

Defendant explained to the court:

"*The Court:* Once I sentence you, of course, you are then within the jurisdiction of the Corrections Commission; but I am very happy to make all the recommendations I can to assist and aid you, if I can, with any problems that you may have, whether they be physical or mental. I say whatever they may be.

"*The Defendant:* I don't have no problems. I have already got myself in trouble, you know. I ain't trying to look for no excuse to get out. I don't think there is any way you could help me.

"*The Court:* You don't?

"*The Defendant:* I don't think so.

"*The Court:* Well, you asked me to see that you got medical attention.

*"The Defendant:* Yes, but I mean—you know what I mean—the treatment, yes, stuff like that.

*"The Court:* Treatment. That is what we are talking about.

*"The Defendant:* Yes."

The trial court explained to defendant:

*"The Court:* * * * I am going to recommend to the authorities that you be afforded any and all facilities at that institution or any other institution where you may be treated, and I want you on an active treatment program, with strong rehabilitative services to be given to you.

I further recommend that if hospitalization is deemed necessary—your arm?

*"The Defendant:* I can't get it up. I have got to see a doctor when I get to the hospital where I am going.

*"The Court:* You listen to me: It is my recommendation that you be afforded hospitalization to allow for treatment and gradual adjustment to appropriate functioning in the institution as well as in the community. It is my further recommendation that after any hospitalization, a partial hospitalization program be afforded to you which would permit you complete readjustment, both physically and, perhaps, mentally.

If at the present time you feel depressed because you have to return, please believe me that you are returning to some place where someone can look after you and afford you some help, something that at the present time we cannot do in our community, because if you were permitted the freedom of the street, you would have difficulty in the adjustment process. Don't you agree?

*"The Defendant:* I agree with you."

In the present case, the lower court record fails to show that defendant was unable to understand the proceedings or assist counsel. See *People v Inman,* 54 Mich App 5, 12; 220 NW2d 165 (1974). The trial judge recommended a psychiatric evalua-

tion of defendant only after he was satisfied, as are we, that defendant fully understood all that took place at the plea proceeding. Defendant was not referred for psychiatric evaluation to determine his competency to stand trial as in *People v Parker,* 46 Mich App 562; 208 NW2d 537 (1973), *lv granted,* 390 Mich 766 (1973).

The presentence report contained references to defendant's mental state. Indeed, the psychological examination report, contained in the presentence report, suggested the emergence of a schizophrenic process. However, the report also showed defendant to be appropriately oriented to time, place, person, and immediate situation. We do not feel that the presentence report brought to the trial court's attention facts which raised a "bona fide doubt" as to defendant's capacity to stand trial. The trial court's failure to *sua sponte* raise the issue of competence did not constitute an abuse of discretion.

Defendant next claims that his plea of guilty was induced by promises of medical treatment. *Ex parte* affidavits, filed for the first time in the appellate brief, may not serve to enlarge the record on appeal. *People v Taylor,* 383 Mich 338, 362; 175 NW2d 715 (1970). Nevertheless, defendant's affidavit alleges that he pled guilty because he was told that if he did so he would get to see a psychiatrist. The sentencing transcript shows that defendant was given the opportunity to consult with a psychologist. The plea transcript further shows that defendant unequivocally stated that no promises were made to induce his plea and that it was entered freely and voluntarily. See *People v Inosencio,* 35 Mich App 236, 238; 192 NW2d 339 (1971); *People v Henson,* 18 Mich App 259; 171 NW2d 26 (1969).

At sentencing, after guilt has been determined,

full information regarding defendant has generally been deemed admissible under concepts of individualizing punishment. *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974). With respect to defendant's sentencing in this case, the judge specifically stated that he would ignore defendant's 1946 conviction for armed robbery after it was pointed out by defendant's lawyer that there might be some question as to whether or not defendant was represented by counsel at that time. The record, therefore, affirmatively shows that the sentencing judge did not consider the conviction before imposing sentence. See *People v Moore,* 391 Mich 426, 440; 216 NW2d 770 (1974).

As for the charges not resulting in conviction contained in the presentence report, the test is one of accuracy. A sentence, to be valid, must be predicated upon accurate information. *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972). The record in the instant case does not affirmatively show whether the sentencing court considered arrests and charges not resulting in convictions and defendant does not dispute the accuracy of this information. No error was committed. *People v Clark,* 57 Mich App 339; 225 NW2d 758 (1975).

Since filing of his original brief, defendant now raises the question of whether 1968 PA 154,[1] which created the district court and provided it with criminal jurisdiction, is in violation of the title-body clause, Const 1963, art 4, § 24. The Michigan Supreme Court has held, in *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974), "that the district court act does not violate the title-body clause".

Affirmed.

---

[1] MCLA 600.8101 *et seq.;* MSA 27A.8101 *et seq.*