## PEOPLE v HARRIS

Docket No. 101839. Submitted February 14, 1990, at Detroit. Decided May 10, 1990.

Karen Harris, initially found to be incompetent to stand trial but later found to be competent, was found by a jury to be guilty but mentally ill on a charge of arson of a dwelling, Genesee Circuit Court, Donald R. Freeman, J. Defendant was sentenced to twelve to twenty years of imprisonment and she appealed in the Court of Appeals where she successfully moved for a remand for a hearing on a motion for a new trial. The trial court denied the motion. Defendant appealed, claiming that the trial court erred in failing to have her competence reevaluated prior to trial and that trial counsel failed to render effective assistance.

The Court of Appeals *held:*

1. A trial court must raise the issue of defendant's competence to stand trial where, as here, facts are brought to the trial court's attention which raise a bona fide doubt as to the defendant's competence.

2. Defendant's trial counsel failed to render effective assistance by not seeking a reevaluation of defendant's competence despite her requests for reevaluation, by advocating for a "guilty but mentally ill" verdict contrary to defendant's claim of innocence, and by recommending incarceration at sentencing despite defendant's request for probation.

Reversed.

1. CRIMINAL LAW — COMPETENCE TO STAND TRIAL — STATUTES.

A defendant is presumed competent to stand trial absent a showing that he is incapable because of his mental condition of understanding the nature and object of the proceedings against him or of assisting in his defense in a rational manner (MCL 330.2020[1]; MSA 14.800[1020][1]).

REFERENCES

Am Jur 2d, Criminal Law §§ 74, 984, 985.

Adequacy of defense counsel's representation of criminal client regarding incompetency, insanity, and related issues. 17 ALR4th 575.

2. CRIMINAL LAW — COMPETENCE TO STAND TRIAL — BONA FIDE
   DOUBT — TRIAL COURTS — APPEAL.

   A trial court must raise the issue of a defendant's competence to
   stand trial where facts are brought to the court's attention
   which raise a bona fide doubt as to the defendant's competence;
   however, the decision whether a bona fide doubt exists is within
   the discretion of the trial court and will be reversed only for an
   abuse of discretion.

3. CRIMINAL LAW — ASSISTANCE OF COUNSEL — APPEAL.

   Trial counsel is presumed to have afforded his client effective
   representation; a defendant who claims otherwise bears the
   burden of proving ineffective representation.

4. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

   A defendant is denied effective assistance of counsel where his
   attorney fails to seek reevaluation of the defendant's compe-
   tence to stand trial when incompetence is indicated, argues for
   a "guilty but mentally ill" verdict despite the defendant's claim
   of innocence, and makes a recommendation at sentencing that
   the defendant be incarcerated despite the defendant's request
   for probation.

*Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Charles J. Booker* and *Susan J. Smith*), for defendant on appeal.

Before: DANHOF, C.J., and BRENNAN and G. S. ALLEN,* JJ.

PER CURIAM. Following a jury trial, defendant was found guilty but mentally ill on a charge of arson of a dwelling, MCL 750.72; MSA 28.267. She was sentenced to twelve to twenty years in prison. This Court granted defendant's motion for a remand to allow defendant to move for a new trial on the grounds of lack of competence to stand trial

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

and prejudice resulting from the nonproduction of a witness. Following the hearing, the trial court denied defendant's motion. Defendant appeals as of right from this decision and raises several claims of error, two of which we find dispositive. We reverse and remand.

On appeal, defendant claims that it was error for the trial court to fail to have her competence reevaluated prior to trial. We agree.

A criminal defendant is presumed competent to stand trial absent a showing that "he is incapable because of his mental condition of understanding the nature and object of the proceedings against him or of assisting in his defense in a rational manner." MCL 330.2020(1); MSA 14.800(1020)(1). An incompetent defendant "shall not be proceeded against while he is incompetent." MCL 330.2022(1); MSA 14.800(1022)(1). The issue of a defendant's competence to stand trial may be raised by either party or the court. MCL 330.2024; MSA 14.800(1024). Although the determination of a defendant's competence is within the trial court's discretion, *People v Newton (After Remand),* 179 Mich App 484, 488; 446 NW2d 487 (1989), a trial court has the duty of raising the issue of incompetence where facts are brought to its attention which raise a "bona fide doubt" as to the defendant's competence, *People v Nelson Johnson,* 58 Mich App 473, 475; 228 NW2d 429 (1975), lv den 394 Mich 784 (1975). However, the decision as to the existence of a "bona fide doubt" will only be reversed where there is an abuse of discretion. *Johnson, supra.*

Defendant was charged with having started a fire at her apartment complex on August 11, 1985. The complex was for senior citizens and disabled persons. It is undisputed that defendant had long suffered from severe mental illness. She had been

hospitalized and treated for schizophrenia at least fifteen times since 1977. In January, 1986, defendant was determined incompetent to stand trial. Less than two months later, however, she was determined competent to stand trial. However, when trial began, in January, 1987, defendant stated that she felt incompetent, requested a court order for hospitalization, and stated that she was incoherent. The trial court responded that defendant seemed to be "getting along pretty good," and defense counsel stated that "as far as I'm concerned . . . it's our position that while Ms. Harris has a serious mental problem, it was not a factor in this particular case."

Our examination of the record finds that it is replete with instances of bizarre statements and behavior of defendant. This Court remanded the case to the trial court for determination of whether the trial court should have determined defendant's competence prior to the trial. At that evidentiary hearing, a clinical psychologist testified that defendant's delusions would persist even when her medication was properly effective. He stated that it was highly unlikely that defendant was competent at the time of trial and that, had an examination for competence been performed at trial, she most likely would have been found not competent. Following the hearing, the court denied the motion for a nunc pro tunc competence hearing.

The evidence presented at the evidentiary hearing as well as the record of the trial itself shows that at the time of trial there was at least a bona fide doubt as to whether defendant was competent to stand trial. Accordingly, we find that it was error for the trial court to fail to have defendant's competence reevaluated prior to trial.

We also address defendant's claim that she was

denied effective assistance of counsel. We presume
that trial counsel afforded his client effective rep-
resentation. *Newton, supra* at 487-488. Defendant
bears the burden of proving otherwise. *People v
Ginther,* 390 Mich 436, 443; 212 NW2d 922 (1973).
We conclude that defense counsel's conduct at
trial, combined with his statements at sentencing,
warrant a finding of ineffective assistance of coun-
sel under the standards set forth in both *Strick-
land v Washington,* 466 US 668; 104 S Ct 2052; 80
L Ed 2d 674 (1984), and *People v Garcia,* 398 Mich
250; 247 NW2d 547 (1976).

At the May, 1986, competence hearing, defense
counsel did not question the psychologist who
found defendant competent to stand trial, stating
that he was "really not opposing this" and "I'm
satisfied she's competent to stand trial." At that
point, the court questioned the psychologist at
length. Following the court's questioning, defense
counsel did question the psychologist, but only as
to whether defendant might become incompetent
at some point during the trial. Counsel later an-
nounced his position that "[i]f she's able to stand
trial, I'd like to have her tried." He did state,
however, that "for the record, I don't think she
can."

As trial commenced, defendant requested that
the case be adjourned so that she could get some
help. Defense counsel, however, stated his belief
"that while Ms. Harris has a serious mental prob-
lem, it was not a factor in this particular case."
He later stated:

> I would point out, your Honor, that this is a lady
> who has never faced stress. She always tries to run
> from it. I don't think it's going to—this may sound
> harsh—I think making her stand trial might be
> good for her. It's going to be very difficult because

> I know she will interrupt, and everybody knows
> she's going to have trouble. But if she stands trial
> and gets through it, I think it will benefit her and
> I know it sounds strange, but that's what I have.

This statement not only directly contradicted the expressed wishes of defendant, but also showed defense counsel's doubt as to defendant's ability to assist in her defense. To request a trial under such circumstances cannot be said to be effective assistance of counsel.

This attitude continued into the sentencing stage. A criminal defendant is entitled to effective assistance of counsel at sentencing. *People v Dye,* 6 Mich App 217, 219; 148 NW2d 501 (1967). Here, defense counsel, although acknowledging it was "bad form," in effect recommended that his client be sentenced to a prison term, stating that it "will be much better for her." This came despite defendant's request for probation. Although the decision to address the court at sentencing is a tactical one, *People v Hughes,* 165 Mich App 548, 550; 418 NW2d 913 (1987), defense counsel made no attempt to argue that defendant's prison term be short, or argue for mitigation of the sentence. Thus, despite the fact that the sentencing guidelines range was listed as eighteen months to three years, defendant was sentenced to twelve to twenty years in prison. Under the circumstances in this case, defense counsel's conduct at sentencing showed a total failure to advocate on his client's behalf.

At the hearing on defendant's motion for a new trial, defense counsel testified that his basic approach was to keep defendant calm and seated. In response to questioning by the court, he stated his two defenses at trial were "not guilty by reason of insanity" and "guilty but mentally ill," despite the

fact that defendant always maintained her innocence.

We note that "guilty but mentally ill" is, in essence, not a defense, but is a functional equivalent of a guilty plea. See *People v Fisher,* 119 Mich App 445, 449; 326 NW2d 537 (1982). Arguing that defendant is guilty but mentally ill is not a permissible trial tactic; and, although defense counsel did not argue such in his closing, his suggestion that it was one of his defenses certainly indicates that he failed to provide his client effective assistance of counsel. Accordingly, the decision of the trial court is reversed. Given our disposition on these two issues, we need not address defendant's remaining allegations of error.

Reversed.