# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

KENNETH BALDRIDGE, JR.,

       Defendant-Appellant.

UNPUBLISHED
November 8, 2016

No. 328252
Wayne Circuit Court
LC No. 14-004069-FH

Before: WILDER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his plea-based convictions of carrying a concealed weapon (CCW), MCL 750.227, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We affirm.

Defendant challenges his convictions, arguing that the trial court erred when it denied his request for a competency examination after he had already pleaded guilty as charged. In particular, after the plea hearing but before sentencing, defendant retained a new attorney who filed a motion to withdraw the plea and a motion requesting a mental competency examination, alleging that defendant had a history of mental illness and a psychiatrist determined he was incapable of understanding the proceedings against him. The trial court denied defendant's motions.

On appeal, defendant argues that the trial court abused its discretion when it denied his post-plea motion requesting a mental competency examination. We disagree.

"[A] trial court has the duty of raising the issue of incompetence where facts are brought to its attention which raise a 'bona fide doubt' as to the defendant's competence." *People v Kammeraad*, 307 Mich App 98, 138; 858 NW2d 490 (2014), quoting *People v Harris*, 185 Mich App 100, 102; 460 NW2d 239 (1990). This Court reviews a trial court's determination of the existence of a bona fide doubt for an abuse of discretion. *Id*. "An abuse of discretion occurs

---

[1] *People v Baldridge*, unpublished order of the Court of Appeals, entered August 13, 2015 (Docket No. 328252).

-1-

only when the trial court's decision is outside the range of reasonable and principled outcomes." *Kammeraad*, 307 Mich App at 140 (citation omitted).

"A defendant who is determined incompetent to stand trial shall not be proceeded against while he is incompetent." MCL 330.2022(1). The statute governing incompetency requires the following:

> A defendant to a criminal charge shall be presumed competent to stand trial. He shall be determined incompetent to stand trial only if he is incapable because of his mental condition of understanding the nature and object of the proceedings against him or of assisting in his defense in a rational manner. The court shall determine the capacity of a defendant to assist in his defense by his ability to perform the tasks reasonably necessary for him to perform in the preparation of his defense and during his trial. [MCL 330.2020(1).]

The defense, court, or prosecution may raise the issue of competency, MCL 330.2024, and the issue of competence can only be raised by actual evidence of incompetence, *People v Blocker*, 393 Mich 501, 508; 227 NW2d 767 (1975). Further, MCL 330.2026(1) states:

> Upon a showing that the defendant may be incompetent to stand trial, the court shall order the defendant to undergo an examination by personnel of either the center for forensic psychiatry or other facility officially certified by the department of mental health to perform examinations relating to the issue of incompetence to stand trial.

This Court in *Kammeraad*, 307 Mich App at 138, stated the trial court's duty when there are facts presented that cause the trial judge to question a defendant's competency: "Although the determination of a defendant's competence is within the trial court's discretion, a trial court has the duty of raising the issue of incompetence where facts are brought to its attention which raise a 'bona fide doubt' as to the defendant's competence." *Id.*, quoting *Harris*, 185 Mich App at 102. When the trial court is deciding whether further inquiry in regard to competency is required, "[e]vidence of a defendant's irrational behavior, a defendant's demeanor, and a defendant's prior medical record relative to competence are all relevant" to the judge's determination. *Kammeraad*, 307 Mich App at 139. This Court has explained that "[t]here are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *Id.* (quotation marks and citation omitted.) On appeal, this Court must ask "whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Id.* at 138-139 (quotation marks and citation omitted).

Defendant argues that there was a bona fide doubt as to his competency at the time of his guilty plea because he has a history of mental illness and a psychiatrist determined he was incapable of understanding the proceedings against him. Defendant's arguments fail because his demeanor and behavior throughout the proceedings, and his unsubstantiated medical diagnoses, did not raise a bona fide doubt as to defendant's competency.

First, there was no evidence that defendant's behavior or demeanor at the plea hearing should have raised a bona fide doubt as to his competence. Defendant does not dispute the prosecutor's assertion that he was articulate and appeared to understand the nature and object of the proceedings against him. At the plea hearing, defendant described in detail the type of gun he was carrying and the fact that he did so as a felon, supporting the inference that defendant understood the charges being brought against him. Defendant also answered each of the trial court's questions at the plea hearing without hesitation or confusion. Even more, when defendant had trouble proceeding at the plea hearing due to an apparent physical ailment, the trial court afforded defendant the opportunity to make his plea at a later time, but defendant assured the court he was ready and wanted to proceed.

Moreover, defendant demonstrated his understanding of the proceedings when he addressed the court at length during the sentencing hearing about a dispute he had with his original trial counsel. Defendant explained in great detail to the trial court his discomfort about making a guilty plea. Importantly, defendant explained that he did not want to plead guilty and instead wanted a jury trial, and it was defendant's first attorney who allegedly pushed defendant into a guilty plea. Not only does defendant's explanation show he understood the proceedings against him, it shows he could "perform the tasks reasonably necessary for him to perform in the preparation of his defense . . . ." MCL 330.2020(1). Defendant's explanation as to why he took the plea shows defendant assisted in his defense by discussing with his attorney the various reasons for pleading guilty. Defendant's behavior and demeanor during the hearings did not raise any doubt as to his competency, and the trial judge's refusal to order a competency hearing did not constitute an abuse of discretion.

Second, defendant's claim that his medical history raises a bona fide doubt as to his competency is meritless. The issue of competency must be raised through evidence of incompetence, *Blocker*, 393 Mich at 508, and defendant failed to provide any medical documentation that would substantiate his history of mental illness. This case is distinguishable from *Harris*, where this Court remanded the case for a competency examination because there existed a bona fide doubt as to the defendant's competence. *Harris*, 185 Mich App at 103. In that case, the defendant's diagnosis and treatment of schizophrenia was documented and "undisputed." *Id*. at 102-103. Additionally, the defendant exhibited "bizarre" behavior during her trial, and she had been previously determined incompetent. *Id*. at 103. The combination of a diagnosed mental illness and the defendant's behavior at trial raised a bona fide doubt as to the defendant's competence. *Id*. In this case, defendant did not provide the lower court with any documentation that a "Dr. Dixon" actually treated defendant or was of the opinion that defendant was incompetent at the time of the guilty plea. Defendant's own appellate brief acknowledges that "[i]f the assertions of [defendant] and the retained attorney who appeared after the plea, but before sentencing, *are to be believed*, then [defendant] has had a long history of mental illness, including Bi-polar [sic] Disorder, Schizophrenia, and panic attacks." (Emphasis added.) Defendant never presented medical documentation substantiating his mental illness or acted in a manner that would allow the trial judge to conclude that defendant may be incompetent.

The only possible corroborating evidence of a mental illness was the fact that the preparer of defendant's Presentence Investigation Report (PSIR) verified the use of prescription medication. The PSIR did not, however, explain why the medication was prescribed or what it treated. Regardless, defendant's use of psychotropic drugs or other medication alone does not

necessitate a competency examination. Pursuant to MCL 330.2020(2), "A defendant shall not be determined incompetent to stand trial because psychotropic drugs or other medication have been or are being administered under proper medical direction . . . ." While the trial judge may require a prescribing doctor to verify a defendant's competency, such a decision is left entirely in the discretion of the trial judge. *Id*. Nothing in the record proved defendant had a history of mental illness apart from his own unsupported claims, and the fact that defendant was taking two prescription medications does not alone support a bona fide doubt as to defendant's competence.

Even if defendant's claimed diagnoses were substantiated, his argument would still fail because he showed no signs of incompetence at the plea hearing. This case is similar to *People v Johnson*, 58 Mich App 473, 478; 228 NW2d 429 (1975),[2] where this Court rejected the defendant's contention that the trial court should have sua sponte ordered a competency hearing. In *Johnson*, the defendant's psychological report actually "suggested the emergence of a schizophrenic process," but the report also "showed [the] defendant to be appropriately oriented to time, place, person, and immediate situation." *Id*. Here, as in *Johnson*, defendant was also oriented to time, place, person, and immediate situation during both the plea hearing and sentencing hearings, indicating defendant understood the nature and object of the proceedings against him despite any claimed medical diagnosis. Therefore, defendant's medical history, alone, does not create a bona fide doubt as to defendant's competency, and the trial court's refusal to order a competency exam did not "fall outside the range of reasonable and principled outcomes." *Kammeraad*, 307 Mich App at 140.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

---

[2] Under MCR 7.215(J)(1), *Johnson*, decided in 1975, is not precedentially binding. However, it has not been reversed or modified by the Supreme Court and is persuasive as factually similar to the instant case.