# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ADRIAN BUISH,

       Defendant-Appellant.

UNPUBLISHED
June 20, 2017

No. 331153
Saginaw Circuit Court
LC No. 15-041369-FH

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and GADOLA, JJ.

PER CURIAM.

Defendant appeals of right his jury trial conviction of assault with intent to do great bodily harm less than murder, MCL 750.84.[1] The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to serve 60 months to 20 years in prison, consecutive to the sentence he was serving at the time of this offense. Defendant appeals as of right. Finding no errors requiring reversal, we affirm.

## I. FACTS

Joseph Lanoue and defendant were prisoners at Saginaw Correctional Facility and occupied cells next to one another. On March 14, 2015, Lanoue sustained injury as a result of an altercation with defendant. Lanoue testified that he was cleaning his cell during a daily recreation period when defendant entered his cell and that the next thing he knew he was getting hit in the back of the head. Lanoue remembered being hit once with something other than a fist. He testified that his "face was bleeding," that he "was throwing up a lot," and that he had a seizure, and "blacked out or passed out."

Defendant described the altercation as a fight and Lanoue as the instigator. He testified that on the day of the fight, Lanoue told others that defendant, a homosexual, had AIDS and was trying to spread it to everybody. Defendant claimed that when he spoke to Lanoue about it Lanoue suggested that they fight, that Lanoue continued to taunt defendant, prompting defendant to go into Lanoue's cell during the recreation period to "stand up for myself." Defendant

---

[1] The jury acquitted defendant of prisoner in possession of a weapon, MCL 800.283(4).

-1-

explained that he never actually intended to fight Lanoue and denied taking any weapons into Lanoue's cell. Defendant testified that Lanoue lunged at him and punched him, that he punched back, and that a fight ensued. There was testimony describing Lanoue's injuries as merely scratches and other testimony depicting them as much more serious.

Plaintiff was bound over on charges of felonious assault, MCL 750.82, and prisoner possessing a weapon. The case proceeded to a jury trial. However, before voir dire the prosecutor stated that, if the proofs demonstrated that great bodily harm was inflicted upon Lanoue, he would be moving to include a count of assault with intent to commit great bodily harm. After both parties presented opening statements and witnesses, plaintiff did in fact move to amend the charge of felonious assault to assault with intent to commit great bodily harm, arguing that the new charge did not require the use of a weapon and that the jury could determine defendant's intent by considering evidence of the severity of Lanoue's injuries. The trial court allowed the amendment over defendant's objection, and the jury subsequently found defendant guilty of assault with intent to do great bodily harm less than murder.

II. ANALYSIS

A. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the record contains insufficient evidence of defendant's intent to cause great bodily harm. We disagree.

We review de novo a challenge to the sufficiency of the evidence. *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). The evidence is viewed in the "light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006).

> The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict. The scope of review is the same whether the evidence is direct or circumstantial. Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime. [*People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000) (quotation marks and citation omitted).]

"It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). A "jury is free to believe or disbelieve, in whole or in part, any of the evidence presented." *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012), quoting *People v Perry*, 460 Mich 55, 63; 594 NW2d 477 (1999). We "will not interfere with the trier of fact's determinations regarding the weight of the evidence or the credibility of witnesses." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014).

The elements of assault with intent to commit great bodily harm less than murder are that defendant (1) tried to physically injure another; (2) had the ability, or believed he had the ability, to cause injury, and (3) intended to cause great bodily harm. MCL 750.84.

"Because of the difficulty in proving an actor's intent, only minimal circumstantial evidence is necessary to show that a defendant had the requisite intent." *Stevens*, 306 Mich App at 628-629. "Intent . . . can be inferred from the defendant's actions," *id*., such as using "physical violence," *People v Dillard*, 303 Mich App 372, 377; 845 NW2d 518 (2013). For example, "beat[ing] and kick[ing] the victim in the face, head, arms, and chest" can "give rise to an inference of the necessary intent." *People v Pena*, 224 Mich App 650, 660; 569 NW2d 871 (1997), mod in part 457 Mich 885 (1998). Additionally, a jury may consider "the extent of any injury" to the victim and "presum[e] that [the defendant] intend[ed] the natural consequences of [his] acts." *Dillard*, 303 Mich App at 378.

Viewing the evidence in the light most favorable to the prosecutor, plaintiff presented sufficient evidence of defendant's intent to cause great bodily harm. Defendant's intent can be inferred through his use of physical violence. Lanoue testified that defendant hit him in the back of the head. Moreover, defendant admits to punching Lanoue multiple times, kneeing Lanoue in the groin, pushing Lanoue's head and face, grabbing Lanoue's face, scratching Lanoue's head and forehead, pushing Lanoue into lockers, hitting Lanoue in the "ab area," and holding Lanoue in a headlock. Lanoue testified that he suffered a chipped front tooth, threw up, had a seizure, and blacked out or passed out. A nurse testified that he suffered extensive head injuries, including trauma to the ear and head, described his injuries as a little bit more extensive than the norm, and ultimately sent Lanoue to the emergency room. In light of these injuries, the jury could have inferred that defendant intended serious injury of an aggravated nature or intended to cause a "physical injury that could seriously harm the health or function of the body," M Crim JI 17.7.

While defendant presented evidence to suggest that he did not intend to inflict great bodily harm, it was the jury's responsibility to decide whether defendant's testimony was credible and the jury was free to believe or disbelieve any of the evidence presented. Therefore, defendant's sufficiency of the evidence challenge fails.

## B. AMENDMENT OF THE INFORMATION

Defendant argues that the trial court erred in granting plaintiff's motion to amend the information pursuant to MCR 6.112(H) and that the amendment deprived him of his Sixth Amendment and Fourteenth Amendment Due Process right to a meaningful opportunity to present a complete defense. We disagree.

We review the trial court's decision to grant a motion to amend an information pursuant to MCR 6.112(H) for an abuse of discretion. *People v McGee*, 258 Mich App 683, 686-687; 672 NW2d 191 (2003). We note that defendant's constitutional claims are unpreserved. Accordingly, we review them for plain error. *People v McNally*, 470 Mich 1, 5; 679 NW2d 301 (2004). Plain error occurs when there is (1) error (2) that was clear or obvious and (3) "affected [defendant's] substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

MCR 6.112(H) allows the trial court to permit the prosecutor to amend the information before, during, or after trial unless the proposed amendment would unfairly surprise or prejudice the defendant.[2] Defendant argues that plaintiff's motion caused "unfair[] surprise." In *McGee*, 258 Mich App at 690-691, this Court found that an information "is presumed to have been framed with reference to the facts presented at the preliminary examination" and that "no unfair surprise . . . exists when the elements of . . . the offense the prosecutor moves to add at the end of the preliminary examination, are shown by testimony." *Id*. It found that surprise existed when no evidence was presented of an amended charge at a preliminary examination, the offense to be added had different elements than the offenses for which the defendant was bound over to circuit court, the new offense "might require preparation of a different defense strategy," and "the prosecutor did not move to amend the information until the first day of trial." *Id*. at 691. But *unfair* surprise requires something more. See *id*. at 693 Although MCR 6.112(H) distinguishes the terms "unfairly surprise[d]" and "unfairly . . . prejudice[d]" by using the disjunctive term "or," *Clark*, 274 Mich App at 253, the *McGee* panel concluded that a defendant is not unfairly surprised by an amendment unless the defendant is actually prejudiced, *McGee*, 258 Mich App at 691-693; no actual prejudice existed when a defendant "did not request that the case be remanded to the district court for a preliminary examination," failed to specify how she would be prejudiced by the proposed amendment, failed to "request a continuance," and failed to "articulate . . . how added time to prepare, or a preliminary examination on the added charge, would have benefitted the defense."[3] *Id*. at 692-693. There is also a temporal element. For example, a defendant would not be unfairly prejudiced by an amendment when the "defendant knew of the prosecution's intent to amend the charges . . . before trial started" and, therefore, had "the opportunity to cross-examine the witnesses on the new charge," *People v Perry*, 317 Mich App 589; ___ NW2d ___ (2016), slip op at 3.

Here, defendant cannot show unfair surprise. Plaintiff first noted its intent to amend the information on the morning of the first day of trial, before witnesses were called. Therefore, defendant knew of the prosecution's intent to amend the charges before trial started and had the opportunity to confront witnesses regarding the charge. Further, defendant failed to indicate how much additional time he would need to prepare or how it would have benefitted him. *Id*. at 2. Moreover, defendant should not have been surprised by the information contained in medical

---

[2] The parties also discuss MCL 767.76, which allows a trial court to "amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence" "at any time before, during or after the trial." However, plaintiff did not cite this statute as a basis for the amendment.

[3] Defendant's attempt to distinguish *McGee* is unpersuasive. He argues that he was unfairly surprised because the same prosecutor presented the case at the preliminary examination and trial, and relied upon information that he had "well before the first day of trial," unlike the prosecutor in *McGee*. But *McGee*, 258 Mich App at 691-693, discusses none of these factors when determining what constitutes an *unfair* surprise and this Court discussed none of these factors in its unfair surprise analysis in *Russell* and *Perry*.

-4-

records or obtained at the preliminary examination. Defendant demanded discovery, does not argue that he lacked access to the cited medical records, was at the preliminary examination, and demanded the transcript.

Defendant also argues that he was unfairly surprised because he was deprived of his Fourteenth Amendment Due Process right and Sixth Amendment right to " ' "a meaningful opportunity to present a complete defense." ' " *Holmes v South Carolina*, 547 US 319, 324; 126 S Ct 1727; 164 L Ed 2d 503 (2006), (internal quotation marks and citations omitted). Due process includes a defendant's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense by examining the witnesses against him, offering testimony, and be[ing] represented by counsel. *Washington v Texas*, 388 US 14, 18; 87 S Ct 1920; 18 L Ed 2d 1019 (1967), (internal quotation marks and citation omitted). "[T]o establish a due process violation, a defendant must prove prejudice to his defense." *McGee*, 258 Mich App at 700. In *McGee*, plaintiff amended the information to add a perjury charge on the first day of jury selection. The Court found no "prejudice resulting from inadequate notice and opportunity to defend the charges" when "defense counsel understood the amended charges," "did not claim to be unprepared to try the added charge," "did not claim that he needed more time to prepare," "made no claim . . . that her defense might have been different given additional time to prepare," and failed to "explain[] what different defense [she] would have presented." *Id*. at 701-702. Here, defendant similarly failed to show prejudice. He had notice of plaintiff's intent to amend the information before witnesses were called but agreed that he still wanted to proceed to trial. He has not argued that he was unprepared to try a case involving a charge of assault with intent to do great bodily harm or explained how his case would have differed had he had additional time to prepare. He did not request a continuance or a remand for a preliminary examination and defendant explicitly agreed on the record to proceed to trial on the amended charge. Additionally, defense counsel stated on the record that the injuries were "rather insignificant". Neither felonious assault nor assault with intent to commit great bodily harm less than murder require an injury but allows a jury to take into account the injuries in determining if the crime occurred. And plaintiff presented sufficient evidence of the charge. The trial court did not abuse its discretion in granting plaintiff's motion to amend the information.

## C. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant argues that he received ineffective assistance of counsel because his trial counsel failed to request a mutual fight instruction. Again, we disagree.

Defendant failed to preserve his ineffective assistance of counsel claim by moving in the trial court for a new trial or for an evidentiary hearing. *People v Sabin (On Second Remand)*, 242 Mich App 656, 658; 620 NW2d 19 (2000). Therefore, our review is limited to the facts and mistakes apparent on the record. *Id*. Whether defendant was denied effective assistance of counsel based on these facts is a question of constitutional law reviewed de novo. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

To prove ineffective assistance of counsel, a defendant must establish that "counsel's performance was deficient," meaning that "counsel's performance fell below an objective standard of reasonableness under prevailing professional norms," *People v Galloway*, 307 Mich App 151, 158; 858 NW2d 520 (2014), rev'd on other grounds 498 Mich 902 (2015) (internal

quotation marks and citation omitted). Doing so requires the defendant to "overcome the strong presumption that 'counsel's conduct' . . . [was] sound trial strategy." *Id*. (internal quotation marks and citation omitted). A defendant also "must show that the deficient performance prejudiced" him. *Id*. (internal quotation marks and citation omitted). Prejudice occurs when "it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different." *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010).

A defendant has a " 'right to have a properly instructed jury.' " The jury must be given " 'instructions [that] include all elements of the charged offenses and any material issues, defenses, and theories . . . supported by the evidence.' " *People v Henderson*, 306 Mich App 1, 4; 854 NW2d 234 (2014), quoting *People v McGhee*, 268 Mich App 600, 606; 709 NW2d 595 (2005).

Here, defense counsel's failure to request a mutual fight instruction did not constitute deficient performance. The decision on what jury instructions to request is a matter of trial strategy. *People v Dunigan*, 299 Mich App 579, 584; 831 NW2d 243 (2013). [S]ound trial strategy is supported by reasonable professional judgment" including making 'an independent examination of the laws involved. *People v Grant*, 470 Mich 477, 486-487; 684 NW2d 686 (2004), quoting *Von Moltke v Gillies*, 332 US 708, 721; 68 S Ct 316; 92 L Ed 309 (1948). Defense counsel exercised sound trial strategy by not requesting a special, mutual fight instruction where the defense was that he had no intent to fight at all. Even if we found that defense counsel should have requested a mutual fight instruction, the failure to request an instruction did not prejudice defendant. To determine whether a jury instruction error warrants reversal of a conviction, we examine the jury instructions in their entirety to assess whether the jury instructions, taken as a whole, sufficiently protected the defendant's rights. *People v Moldenhauer*, 210 Mich App 158, 159; 533 NW2d 9 (1995). Here, the jury instructions correctly defined the intent element of assault with intent to commit great bodily harm. The trial court further instructed the jury that its evaluation of this element had to be based on the evidence presented -- both direct and circumstantial evidence. Therefore, the jury instructions, taken as a whole, sufficiently protected defendant's rights. *Moldenhauer*, 210 Mich App at 159. Thus, defendant cannot show that it is reasonably probable that the outcome of the trial would have differed had his counsel requested a mutual fight instruction.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Michael F. Gadola